## BLACK et al. v. ELROD et al.

Where an administrator sells property of the estate at an inadequate price, and where the facts show other and corroborating evidence of fraud, the sale should be set aside. The jury having returned a verdict in conflict with the ruling just stated, under the facts of the case it was error to overrule a motion for a new trial.

APRIL 11, 1917.

Equitable petition. Before Judge Fite. Murray superior court. August 23, 1916.

*W. E. Mann,* for plaintiffs.

GILBERT, J. The administrator sold land entrusted to him, for a sum far below its real value, to a brother who was likewise his bondsman, the latter having arranged with a third person to pay

the purchase-price by cutting a small amount of timber from the same land. The amount received was paid over to one of the heirs, while none of the others, several in number, received anything. The purchaser sold the land for $700, after cutting and selling timber estimated to be about 300,000 feet. The record discloses very little conflict as to the facts of the case, and it is undisputed that the administrator knew all of the facts as to values, and how the purchase-money was procured. One of the witnesses, a brother, testified, in regard to the sale by the administrator and the details thereof: "Marion never paid a cent. Tom Elrod knew of this arrangement. They were all interested in it." Marion Elrod was the purchaser, and Tom Elrod was the administrator. A previous sale of the same land by the administrator for a slightly larger sum had been set aside by agreement of the parties. The plaintiffs, brothers and sisters of the defendant, filed a petition to set aside this sale, for an accounting, and for other purposes. The jury returned a verdict for the defendants. The plaintiffs filed a motion for a new trial, and when the same was overruled they excepted.

As was said in *Palmour* v. *Roper*, 119 *Ga.* 10 (45 S. E. 790), "Inadequacy of price, though gross, will not be sufficient to set aside a sale, unless coupled with other circumstances sufficient to give rise to a presumption of fraud. This is a rule of evidence; for the law does not set aside the sale on account of the inadequacy of price, but because of the fraud which it is supposed to indicate; and inadequacy of price alone is declared to be not sufficient to warrant a presumption of fraud." Mr. Justice Candler in the opinion says, "But human experience has demonstrated that such evidence is by no means trustworthy; that many sales are made at an inadequate price, to which no taint of fraud is attached; and so it is provided that a sale may not be set aside for inadequacy of price alone, but that there must be coupled with it other and corroborating evidence of fraud." It is important, however, that those who are charged with the responsible duties of an administrator should guard that trust with jealous care. It is a solemn trust to manage and control an estate to the best advantage of those interested, and it is the bounden duty of an administrator to do everything in his power to make the estate produce the best results possible. "Nothing can be tolerated which

comes into conflict or competition with the interests and welfare of those interested in the estate. An administrator has the right and it is his duty to withdraw the property from sale, if it becomes apparent that it is about to be sacrificed for a sum largely below its real value." *Lowry* v. *Idleson,* 117 *Ga.* 778, 780 (45 S. E. 51). It is the right as well as the duty of an administrator to withdraw from sale property belonging to the estate entrusted to his care, whenever it is manifest that there is about to be a sacrifice by reason of gross inadequacy of price. *Bean* v. *Kirkpatrick,* 105 *Ga.* 476 (30 S. E. 426). We can not escape the conviction, after reading the evidence in this case, that not only there was inadequacy of price, but that there was coupled with it "other and corroborating evidence of fraud."

*Judgment reversed. All the Justices concur.*