BAINBRIDGE POWER COMPANY *v.* IVEY.

No. 8039.   July 14, 1931.

21

*A. B. Conger* and *Wilcox, Connell & Wilcox,* for plaintiff in error.

*P. D. Rich,* contra.

BECK, P. J. (After stating the foregoing facts.) Under the facts alleged in the petition and those established beyond controversy by the evidence in the case, the court should have refused the receiver. It is a general rule that there must be some necessity

for the appointment of a receiver, in the way of protecting the rights of the parties by preserving the property or assets. The necessity for a receiver must clearly appear, and a receiver will not be appointed where no advantage to the party seeking a receiver can be gained thereby. 14A C. J. 945-6. "In order to justify the appointment of a receiver on the application of a creditor, it has been held that 'it should at least appear that he has a valid claim against the corporation, that there are assets applicable to its payment, and that he has exhausted his legal remedies, or that the circumstances are such that to deny the application would lead to a wasting and loss of property which otherwise might be made available for the payment of the debts of the corporation, and which could not be availed of in any other manner so satisfactorily as by the appointment of a receiver.'" 8 Fletcher's Cyc. Corp. § 5228. It is ground for refusal to appoint a receiver, that no good can be accomplished by the appointment of one. Id. § 5262. "The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." Civil Code, § 5477. In an opinion by Mr. Justice Atkinson of this court, in the case of *Dozier* v. *Logan,* 101 *Ga.* 173, 179 (28 S. E. 612), it was said: "As was well said by Mr. Justice McCay, in the case of *Crawford* v. *Ross,* 39 *Ga.* 49, 'The high prerogative act of taking property out of the hands of one, and putting it in pound, under the order of a judge, ought not to be taken, except to prevent manifest wrong, imminently impending.' If it were possible for the court, as at present constituted, to add anything to the emphasis of this language, it would do so without the slightest hesitation. The appointment of a receiver is recognized as one of the harshest remedies which the law provides for the enforcement of rights, and is allowable only in extreme cases, and under circumstances where the interest of creditors is exposed to manifest peril. The courts of late years are drifting away from the landmarks which in former years marked the line of division between the power of chancery courts to seize the property of an individual through the instrumentality of a receiver, and the right of the individual himself to retain possession until by the judgment of the court his property could be judicially appropriated to purposes inconsistent with his individual possession. In the exercise of the great discretionary

power conferred upon our brethren of the circuit bench with respect to such matters, they can not be too cautious; and unless there is an immediate and present necessity for such action, of which we find no evidence in this record, the appointment of a receiver should be refused."

If, as claimed by the plaintiff, the defendant has property and assets outside of the State of Georgia, that fact alone did not authorize the appointment of a receiver; for the Georgia court was without power to confer upon a receiver appointed by him extra-territorial authority, and such a receiver could not seize property located beyond the limits of this State. The petitioner in this case had a judgment against the defendant. He could bring suit in another State upon that judgment where the defendant corporation has property, recover a judgment there and have the execution issued theron levied; but the receiver appointed by the court would have no such power. If he were a statutory receiver, he might have; but as a receiver appointed by a court of equity he would not have. 23 R. C. L. 141. In the petition itself it is alleged that the "defendant has no known assets or office or stockholder in this State, and is insolvent except for the said assets fraudulently transferred." And as to those assets the judgment and order passed by the court in this case holds and adjudicates that the receiver shall not interfere with or seize any assets claimed to have been conveyed by the Bainbridge Power Company to the Valdosta Lighting Company and by the Valdosta Lighting Company to the Georgia Power & Light Company; but it is ordered and directed that he seize any and all other assets belonging to the Bainbridge Power Company. This order and judgment of the court stands unexcepted to as the judgment of the court in this case, and it appears from the plaintiff's petition itself that the defendant has no other assets in this State. It seems to us therefore that the appointment of a receiver would be no advantage to the petitioner. Moreover, if any tangible property or assets belonging to the defendant corporation can be found in this State, the petitioner could levy an execution issued upon the judgment which he has upon such assets; or if a debtor of the defendant can be located in this State, the petitioner can garnish such debtor. In other words, if he can locate the assets he has a perfectly plain legal remedy.

For both of the reasons pointed out, a receiver should have been denied.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*