CONNER, administratrix, *et al. v.* YAWN *et al.*

No. 15342.   MARCH 4, 1946.

502

504

*J. K. Whaley* and *A. R. Ross,* for plaintiffs in error.

*Preston Rawlins* and *W. S. Mann,* contra.

Bell, Chief Justice. (After stating the foregoing facts.) The principal question is whether the plaintiffs' allegations and the evidence in support of them were sufficient to authorize the court to appoint a receiver for the real estate alleged to have been illegally conveyed by the administratrix to her father-in-law, and for the purchase-money received, in order that such property and money might be preserved and protected pending the litigation; but there is also the question as to whether it was error to enjoin a resale of the property by the defendants in the meantime.

"Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests." Code, § 37-403. "The power of appointing receivers should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." Section 55-303.

The estate was under the jurisdiction of the ordinary, as to whose authority the Code, § 113-1229, provides as follows: "Whenever the ordinary knows, or is informed by any person having any interest in the estate, that the administrator wastes or in any manner mismanages the estate, or that he or his sureties are likely to become insolvent, or that he refuses or fails to make returns as required by law, or that for any reason he is unfit for the trust reposed in him, he shall cite such administrator to answer to such charge at some regular term of the court, and upon the hearing of his return the ordinary may, in his discretion, revoke

the letters of administration, or require additional security, or pass such other order as in his judgment is expedient under the circumstances of each case." The condition of an administrator's bond is "the faithful discharge of his duty as such administrator, as required by law." Section 113-1217.

It may or may not be that the petition alleged a cause of action for cancellation. *Black* v. *Elrod,* 146 *Ga.* 692 (92 S. E. 62); *Sikes* v. *Sikes,* 153 *Ga.* 725 (1) (113 S. E. 416, 24 A. L. R. 1324). But as to this we now express no opinion, since the assignments of error do not raise that question.

In *West* v. *Mercer,* 130 *Ga.* 357 (60 S. E. 859), a case quite similar on its facts, this court said: "The appointment of a receiver determines no right as between the parties, nor does it affect the title in any way. The purpose of a receivership is to preserve the property contested for pendente lite until the final disposal of all questions, legal or equitable. . . No matter how strong the apparent equity of the complainant may be, if there is no necessity for a receivership, the courts will not change the status until final decree."

In *Darby* v. *Green,* 174 *Ga.* 146 (4) (162 S. E. 493), it was said: "Any person interested in the estate may seek the intervention of equity when there is danger of loss or injury to his interests, in order to procure the direction of the court of equity in the conduct of the administration then pending in the court of ordinary, but can not, under § 4596 [Code of 1933, § 37-403], seek the intervention of equity merely as a means of wrenching the administration from the jurisdiction of the court of ordinary."

The administratrix is under bond; nor is there any suggestion that her codefendant, grantee in the alleged fraudulent deed, is not abundantly solvent, if solvency or insolvency on his part might be considered material. Moreover, in so far as a resale of the property by him is concerned, the plaintiffs would have an adequate remedy by filing a proper notice of lis pendens under the act of February 21, 1939 (Ga. L. 1939, p. 345). *Wright* v. *Edmondson,* 189 *Ga.* 310 (2) (5 S. E. 2d, 769).

The plaintiffs are not seeking to recover this land in order that it may be divided in kind among the heirs. See *Matson* v. *Crowe,* 193 *Ga.* 578 (19 S. E. 2d, 288). As a matter of fact, according to their petition, they want it sold; but they say that the ad-

ministratrix has been guilty of fraud and collusion with respect to its sale, and that it should be reclaimed and sold by a receiver. So the difference is merely one of damage, resulting from an alleged breach of duty by the administratrix, and such duty, of course, would be within the bond. *Trust Company of Georgia* v. *Smith,* 54 *Ga. App.* 518 (2) (188 S. E. 469).

In view of the foregoing statutes, and especially those relating to bond, and jurisdiction of the ordinary, it seems that the plaintiffs could not possibly be in such danger of loss or injury as to require either a receivership or an injunction for the protection of their interests, pending the litigation.

We are therefore obliged to differ with the learned trial judge upon these questions.

The present case differs on its facts from *McCord* v. *Walton,* 192 *Ga.* 279 (14 S. E. 2d, 723). In that case the defendant, an executor, was not required by the will to give a bond and the petition alleged that he was insolvent and not under bond. Compare *Jones* v. *Proctor,* 195 *Ga.* 607 (24 S. E. 2d, 779). Nor do the facts of the instant case resemble those in *Spooner* v. *Bank of Donalsonville,* 159 *Ga.* 295 (125 S. E. 456), where the estate was represented by co-executors, and, besides other complications the executors themselves were "crossed-up" and one of them had brought suits against the other. See generally, in this connection, *Beecher* v. *Carter,* 189 *Ga.* 234 (5) (5 S. E. 2d, 648); *Astin* v. *Carden,* 194 *Ga.* 758 (2) (22 S. E. 2d, 481); *Jones* v. *Wilson,* 195 *Ga.* 310 (24 S. E. 2d, 34); *Furr* v. *Jordan,* 196 *Ga.* 862 (27 S. E. 2d, 861).

From what has been said, it was error to appoint a receiver and grant an injunction.

*Judgment reversed. All the Justices concur.*