19652.   COZZOLINO *v.* COLONIAL STORES, INC.

CANDLER, Justice.   On November 7, 1956, Colonial Stores, Inc., filed an action for equitable relief in the Superior Court of Fulton County against Ralph Robert Cozzolino and Herbert Jenkins, Chief of Police of the City of Atlanta.   Besides for process, rule nisi, and service, the prayers are for an injunction,

receivership, and general relief. The petition in substance allleges: The defendant Cozzolino escaped from the penitentiary of the State of Tennessee on October 2, 1956, where he was serving a life term under that State's Habitual Felon's Act. On October 13, 1956, he forcibly and by using a pistol robbed a store of the plaintiff in Atlanta, Georgia, and took therefrom $8,066.10, and he is now indebted to the plaintiff in that amount. He was later arrested for that offense and charged with robbery. When so apprehended, he had in his possession $999.37 of the money which he had taken from the plaintiff's store and a 1956 model Buick Roadmaster automobile, which he had purchased and paid for out of the plaintiff's money. The defendant Jenkins, as Chief of Police of the City of Atlanta, has taken possession of the aforementioned property, together with other items of personalty which the defendant Cozzolino had at his place of temporary abode when arrested, and which were purchased by him with the plaintiff's money. The defendant Cozzolino is seeking to dispose of the aforementioned property. He is insolvent, having no property except that which he purchased with the plaintiff's money. The court restrained the defendants from changing the status of the property and by an ex parte order appointed a receiver. The defendant Jenkins filed no pleadings, but the defendant Cozzolino demurred to the petition on the ground that it stated no cause of action for any of the relief sought, and filed a motion to vacate and set aside the ex parte order appointing a receiver on the ground that it was granted without first affording him an opportunity to be heard. The demurrer and the motion to vacate and set aside the receivership order were heard on January 10, 1957. On this hearing the defendant Cozzolino introduced in evidence his properly verified motion to vacate and set aside the receivership order. The plaintiff introduced in evidence its verified petition and two affidavits showing the allegations of the petition to be true. It was also shown by an affidavit introduced by the plaintiff that the defendant Cozzolino had, since his arrest on the robbery charge, entered a plea of guilty in the District Court of the United States for the Northern District of Georgia for violating the Fugitive Felon Act of the United States, and had been sentenced to serve a term of from three to five years in the penitentiary, which he is now serving. The motion to vacate

and set aside the receivership order was denied and the demurrer was overruled. The defendant excepted to those judgments. *Held:*

1. Under extraordinary circumstances, a receiver may be appointed ex parte. Code § 55-305; *Board of Commrs. of Kettle Creek Drainage District* v. *Municipal Securities Corp. of Chicago*, 161 *Ga.* 634 (131 S. E. 495); *Templeman* v. *Templeman*, 173 *Ga.* 743 (161 S. E. 261). In the unusually peculiar circumstances of this case, it cannot be said that the trial judge abused his discretion in appointing a receiver by an ex parte order. Hence, there is no merit in the contention that the court erred in denying the motion to vacate and set aside the order which appointed a receiver of the defendant Cozzolino's property.

2. There is no merit in the contention that the court erred in overruling the defendant Cozzolino's general demurrer. The petition stated a cause of action for the relief sought, and it is a settled rule of pleading in this State that a petition is not subject to general demurrer where it states a cause of action for any of the substantial relief thereby sought.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 9, 1957—DECIDED MAY 13, 1957.

*Augustus M. Roan, Paul James Maxwell*, for plaintiff in error. *Smith, Kilpatrick, Cody, Rogers & McClatchey, Harry J. Mehre, Jr.*, contra.

