29663. DIXIE-LAND IRON & METAL COMPANY, INC. v. PIEDMONT IRON & METAL COMPANY et. al.

HALL, Justice.

This is an appeal from an order appointing a receiver. Plaintiff and defendant were equal partners in the Winter Company. Plaintiff filed a complaint on September 9, 1974 for an injunction alleging that its partner was

stealing funds and inventory of the partnership and failing to properly account for partnership assets. A temporary restraining order was issued the same day enjoining the defendant partner "from coming about any of the assets of the partnership" or taking any action with respect to those assets. Upon learning of the order, defense counsel contacted the trial judge and asked for an immediate hearing. A hearing was set for September 13th and defense counsel informed plaintiff's counsel by telephone of the date for the hearing. The latter, because of a conflict with another scheduled hearing, did not appear at the September 13th hearing in Augusta. At the Augusta hearing the trial court entered an order amending the temporary restraining order to restrain both parties from "coming about" the assets of the partnership and appointed a receiver to operate the partnership. On September 23rd, plaintiff by motion objected to the appointment of the receiver and asked that another person be appointed. On October 1st, plaintiff voluntarily dismissed its complaint without prejudice, and thereafter filed a notice of appeal to the order of September 13th appointing the receiver. The record as of that date consisted solely of the complaint and temporary restraining order, the September 13th order appointing the receiver, plaintiff's above-described motion and the dismissal of the complaint. No pleading or motion had been filed by defendant prior to the notice of appeal. The issue on appeal concerns the validity of the appointment of the receiver.

"When any fund or property may be in litigation, and rights of either or both parties cannot otherwise be fully protected, or when there may be a fund or property having no one to manage it, a receiver of the same may be appointed (on a proper case made) by the judge of the superior court having jurisdiction thereof, either in term time or vacation. A receiver is an officer of the court by which he is appointed." Code § 55-301. The appointment rests in the discretion of the trial court and can be made for the protection of the parties even though there is no prayer for a receiver made in the complaint. *Parrish v. Rigell,* 183 Ga. 218, 220 (188 SE 15, 107 ALR 1385). Once the receiver has been appointed, he cannot be "dismissed

except by order of the court." Code Ann. § 81A-166. Therefore, the voluntary dismissal of a complaint does not automatically discharge the receiver who has qualified and taken possession of the funds. *Fountain v. Mills,* 111 Ga. 122 (36 SE 428).

Plaintiff contends the appointment of the receiver was done without notice and denied it due process. A receiver ordinarily should not be appointed without notice and hearing; however, it can be done under extraordinary circumstances. Code § 55-305; *Cozzolino v. Colonial Stores,* 213 Ga. 225 (98 SE2d 613). There being no extraordinary circumstances appearing in the order of the trial court or in the record before this court, the appeal is remanded with direction that the trial court vacate the judgment and take whatever action it deems appropriate under Code Ann. § 81A-152. Upon the entry of a new judgment, the losing party may file another appeal if it should wish to do so.

*Appeal remanded with direction. All the Justices concur.*

ARGUED FEBRUARY 10, 1975 — DECIDED MARCH 17, 1975.

*Kaler, Karesh & Frankel, Glenville Haldi,* for appellant.

*Sanders, Hester, Holley, Askin & Dye, William J. Williams, Otis F. Askin, Harrison & Roper, D. Landrum Harrison,* for appellees.