235 Ga. 503 (1975)
220 S.E.2d 130
DIXIE-LAND IRON & METAL COMPANY
v.
PIEDMONT IRON & METAL COMPANY et al.
30357.
Supreme Court of Georgia.
Submitted September 26, 1975.
Decided October 21, 1975.
Rehearing Denied November 4, 1975.
Glenville Haldi, for appellant.
Sanders, Hester, Holley, Askin & Dye, William J. Williams, Harrison & Roper, D. Landrum Harrison, Ragsdale & Liggett, George R. Ragsdale, Thrasher, Costanzo & Stanford, R. Joseph Costanzo, Jr., for appellees.
Harrison, Roper & Garrett, D. Landrum Harrison, amicus curiae.
JORDAN, Justice.
This is the second appearance of this case between appellant and appellee, equal partners of the Winter Company. See Dixie-Land Iron &c. Co., Inc. v. Piedmont Iron &c. Co., 233 Ga. 970 (213 SE2d 897) (1975). Because of alleged stealing of partnership funds and property and failing to properly account for partnership assets by both parties, the trial court issued an amended temporary restraining order to restrain both parties from "coming about" the assets of the partnership and appointed a receiver to operate the partnership. Appellant appealed to this court complaining that the ex parte appointment was invalid. We remanded the case with direction, the trial court reappointed the same receiver ex parte and appellant again appeals.
1. Appellant first contends that the Superior Court of Richmond County did not have jurisdiction to appoint a receiver, as the Winter Company was subject to bankruptcy proceedings, vesting exclusive jurisdiction in the federal bankruptcy court. However, there has been no showing to this court that a voluntary or involuntary petition of bankruptcy has been filed on behalf of the Winter Company. We are therefore unable to reach a decision on federal jurisdiction, and must assume that the superior court, being a court of general jurisdiction, properly invoked its power.
2. Appellant contends that pursuant to Code Ann. §§ 3-109 and 81A-117 (a), the receiver's attorney has no standing to present to the superior court the order which reappointed the receiver. The Code sections enumerated by appellant require that civil actions be brought in the name of the real parties in interest, and do not touch upon the question of who may present an order or pleading to the court on behalf of one of the parties. As the order sub judice was brought in the names of the original plaintiff and defendant, the real parties in interest, the appellant's enumeration of error is without merit.
3. Appellant contends that it was error for the trial court to reappoint the same receiver nunc pro tunc, *504 without notice or hearing being allowed him.
A receiver ordinarily should not be appointed without notice or hearing, except in extraordinary circumstances. Code Ann. § 55-305. Appellant contends that in the previous appeal this court instructed the trial court to conduct a hearing to determine the propriety of appointing a receiver. However, in the previous appearance of this case, we only objected to the trial court's failure to state separately any findings of fact in the order which might show this court any extraordinary circumstances, needed to justify the ex parte appointment. We therefore remanded with directions that the judgment be vacated and that the trial court take whatever action it deemed appropriate, following the procedures under Code Ann. § 81A-152 (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171).
In the second order issued by Richmond County Superior Court the following findings of fact were stated: (1) that plaintiff and defendant are equal partners of the Winter Company; (2) that a dispute has arisen between the partners preventing their cooperation in conducting the affairs of the partnership; (3) that it would be inequitable to allow one partner to conduct the business to the exclusion of the other; (4) that the nature of the business is such that to leave the assets unattended would jeopardize the interests of the partners and creditors; (5) that an orderly liquidation of the assets is necessary to meet certain maturing obligations held by secured creditors in order to prevent foreclosure.
The appointment of a receiver necessary for the protection of the litigant's interests is a matter resting in the discretion of the trial court. Parris v. Rigell, 183 Ga. 218, 224 (188 SE 15) (1936). Equity may appoint a receiver to take possession of any assets charged with the payment of debts where there is a manifest danger of loss or destruction so as to materially injure those interested, or when the rights of either or both parties cannot otherwise be protected as where there is a fund or property, having no one to manage it. Code Ann. §§ 55-301 and 55-302; Edwards v. United Food Brokers, 195 Ga. 1, 7 (22 SE2d 812) (1942); Dixon v. Tucker, 167 Ga. 783 (146 SE 736) (1928). If there is a danger of dissipating assets *505 during a delay, the appointment of a receiver may be ex parte. Edwards v. United Food Brokers, supra.
Upon a review of the trial court's factual conclusions, we cannot say that the trial court abused its discretion to the point that the judgment is illegal. See Cozzolino v. Colonial Stores, 213 Ga. 225 (98 SE2d 613) (1957). The trial court's findings of fact show that the interests of both the creditors of the partnership and the parties are in danger of irreparable injury if the property is allowed to continue without proper management.
Judgment affirmed. All the Justices concur.