## 39580. APPERSON et al. v. CRONIC.

GREGORY, Justice.
In September 1982 counsel for appellant Ross Apperson and his wife, Chestia Apperson, gave formal notice of foreclosure on six lots belonging to Mayrell E. Cronic, Mrs. Apperson's half-sister, pursuant to security deeds Mrs. Apperson allegedly held on the property. On December 3, 1982 Mayrell Cronic filed a petition in Hall Superior Court, praying for an injunction against foreclosure on the properties; in her petition Cronic alleged that in August 1979, Mrs. Apperson had executed a release freeing Cronic from "all past indebtedness." Mayrell Cronic also alleged that Mrs. Apperson was incompetent and unable to manage her business affairs. Cronic prayed that a guardian ad litem be appointed to act for Mrs. Apperson in this proceeding and that a temporary guardian be appointed "to take charge" of Mrs. Apperson's business affairs.

On the same date the petition was filed the trial court conducted a hearing on the petition without notice to either of the Appersons. Miss Cronic expressed her opinion at this hearing that her nephew, Harrison Cronic, should be appointed guardian ad litem and temporary guardian for Mrs. Apperson as he was the sole family member, other than Mr. Apperson, residing in the immediate vicinity. On December 3 the trial court entered an ex parte order

enjoining foreclosure on Mayrell Cronic's property and appointing Harrison Cronic guardian ad litem and temporary guardian for Mrs. Apperson.

On December 11 at the request of Harrison Cronic, the trial court amended the order to appoint Harrison Cronic *receiver* and guardian ad litem for Mrs. Apperson. Neither the Appersons nor Mayrell Cronic were made aware of the amended order. On December 13 Harrison Cronic accepted the appointment of receiver. The following day the Appersons received their first notice of these proceedings. At Mr. Apperson's request[1] a hearing was conducted on that date in Hall Superior Court on the issue of the appointment of a receiver. Following this hearing the trial court confirmed the earlier amended order appointing Harrison Cronic receiver. On December 30 this court granted Mr. Apperson's application for supersedeas of the trial court's order appointing a receiver. On January 14, 1983 Mrs. Apperson died. Harrison Cronic subsequently resigned his position as receiver. Mr. Apperson appeals that portion of the trial court's order appointing a receiver.

OCGA § 9-8-1 (Code Ann. § 55-301) authorizes the appointment of a receiver "when any fund or property is in litigation and the rights of either or both parties cannot otherwise be fully protected or when there is a fund or property having no one to manage it." OCGA § 9-8-3 (Code Ann. § 55-305) provides that "under *extraordinary circumstances,* a receiver may be appointed before and without notice to the trustee or other person having charge of the assets." (Emphasis supplied.) See *Dixie-Land Iron &c. Co. v. Piedmont Iron &c. Co.,* 235 Ga. 503 (220 SE2d 130) (1975). Under any circumstances a receiver should not be appointed unless mandated by "immediate and present necessity," *Bainbridge Power Co. v. Ivey,* 173 Ga. 18, 23 (159 SE 660) (1931) or "in clear and urgent cases." OCGA § 9-8-4 (Code Ann. § 55-303). See *Edwards v. United Food Brokers,* 195 Ga. 1 (22 SE2d 812) (1942); *Cleveland v. Tully,* 232 Ga. 377 (207 SE2d 18) (1974).

We find in this case neither the extraordinary circumstances which would justify the appointment of a receiver *ex parte,* OCGA § 9-8-3 (Code Ann. § 55-305), nor any circumstances which would necessitate the appointment of a receiver to marshal Mrs. Apperson's assets. It is clear that Mayrell Cronic's petition, seeking an injunction against foreclosure and the appointment of a temporary guardian, does not set forth grounds which justify the appointment of a receiver. Nor is that what her petition sought.

---

[1] Mrs. Apperson was hospitalized with a broken hip at this time.

While Harrison Cronic vigorously argues that his appointment was necessary to prevent the mismanagement of Mrs. Apperson's assets by her husband, there is no evidence in the record before us to support this allegation. Nor does Harrison Cronic's contention that the appointment was necessary to insure Mrs. Apperson's safety find support in this record. We, therefore, conclude that the trial court erred in appointing a receiver to manage Mrs. Apperson's assets.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 12, 1983.

*Robert E. Andrews, James M. Walters,* for appellants.
*John N. Crudup, Samuel L. Oliver,* for appellee.