S96A0831. RICHARDSON et al. v. ROLAND.
(472 SE2d 301)

BENHAM, Chief Justice.

Appellants William and Donna Richardson appeal from the appointment of a temporary receiver over certain corporations fully or partially owned by the Richardsons, as well as the trial court's refusal to vacate the order of appointment and its extension of the receivership until further order of the court.

In 1992, William Richardson and appellee Edgar Eugene Roland, Jr., executed a "Personal Management Agreement," whereby Richardson agreed to serve as Roland's personal manager and advisor "in all matters relating to the professional and artistic career of [Roland]."[1] In exchange for his services, Richardson was to receive 20 percent of Roland's gross earnings from his artistic talents. Richardson incorporated a company to handle his music-related affairs and built a recording studio in the basement of his and appellant Donna Richardson's home. After Roland was asked to sign a recording contract with Atlantic Records, Roland and Richardson formed a publishing company devoted to songwriter royalties, and a company to promote and support the band's touring schedule. Thereafter, two additional corporations were created to launch two restaurant businesses.

In May 1995, Richardson and Roland initiated negotiations to terminate their professional relationship. In August 1995, Roland filed a verified complaint alleging that the Richardsons had misappropriated the "Collective Soul" trademark, had breached the fiduciary duty owed to Roland, and had converted Roland's property to their personal use. Roland sought imposition of a constructive trust on the Richardsons' property generated by Roland's professional activities, a declaratory judgment concerning the status of the Personal Management Agreement, and an accounting. Incorporated within Roland's complaint was an application for the immediate appointment of a temporary receiver over the various corporations, which the trial court granted on the day of filing after holding a hearing and finding that good cause had been shown for the relief. Nineteen days later, the Richardsons sought relief from the appointment of the temporary receiver. After conducting a hearing on the

---

[1] Roland is the lead singer and songwriter for the Georgia-based band, "Collective Soul."

Richardsons' motion,[2] the trial court denied it and extended the receiver's appointment until further order of the court.

1. Generally, a superior court judge may appoint a receiver "[w]hen any fund or property is in litigation and the rights of either or both parties cannot otherwise be fully protected. . . ." OCGA § 9-8-1. If there is danger that the assets will be dissipated before the interlocutory hearing, a trial court exercising its sound discretion may appoint a temporary receiver without notice in order to preserve the status quo. *Edwards v. United Food Brokers*, 195 Ga. 1 (3) (b) (22 SE2d 812) (1942). Without the transcript of the hearing which preceded the appointment of the temporary receiver, we are unable to conclude that the trial court abused its discretion in making the appointment. *Beech Aircraft Corp. v. Jackson*, 199 Ga. App. 627 (405 SE2d 518) (1991). Furthermore, the trial court was authorized to conclude from the verified complaint and the affidavits presented to the trial court in conjunction with the application for immediate appointment of a receiver that assets belonging to Roland were in Richardson's control and were likely to be impaired or depleted should they remain under that control. Consequently, the trial court did not abuse its discretion when it appointed the temporary receiver. *Edwards v. United Food Brokers*, supra.

2. Nor can we say that the trial court abused its discretion when it denied appellants' motion to dissolve the receivership. "Where the evidence is conflicting, the trial court's discretion to appoint a receiver is broad. [Cit.]" *Warner v. Warner*, 237 Ga. 462 (1) (228 SE2d 848) (1976). When compared with the evidence earlier submitted by Roland in support of his application for appointment of a receiver, the affidavits presented by the Richardsons at the hearing on their motion to dissolve the receivership created factual issues concerning the parties' behavior. As a result, the trial court did not abuse its discretion when it declined to dissolve the receivership.

3. Nor did the trial court abuse its discretion when it continued the receiver's appointment until further order of the court. The purpose of appointing a receiver is to preserve the property which is the subject of litigation and to provide full protection to the parties' rights to the property during the pendency of litigation " 'until the final disposal of all questions, legal or equitable. . . .' [Cit.]" *Conner v. Yawn*, 200 Ga. 500, 506 (37 SE2d 541) (1946). See also OCGA § 9-8-1. Since litigation between the parties remains pending, continuation of the receivership was within the trial court's discretion.

*Judgment affirmed. All the Justices concur.*

---

[2] Neither the hearing which preceded the appointment of the temporary receiver nor the hearing on appellants' motion for relief from the appointment of the receiver was transcribed.

DECIDED JULY 15, 1996.

*King & Spalding, Bruce W. Baber, John C. Herman, Mitzi L. Hill,* for appellants.

*Paul, Hastings, Janofsky & Walker, James H. Cox, Melinda L. Moseley, John J. Neely III, Boyce, Ekonomou & Atkinson, Andrew J. Ekonomou,* for appellee.