## S99A0890. CHRYSLER INSURANCE COMPANY v. DORMINEY.

(522 SE2d 232)

HINES, Justice.

This is an appeal from the dissolution of a receivership. For the reasons which follow, we affirm the trial court's determination that the circumstances did not warrant the appointment of a receiver.

Chrysler Insurance Company, as subrogee of its insured, Prince Chevrolet-Oldsmobile, Inc., an automobile dealership in Tifton, filed suit against Renee Dorminey, Prince's former comptroller, to recover approximately $1,000,000 paid to Prince as a result of fire loss to Prince's property. Chrysler's complaint alleged that Dorminey set the fire in an effort to conceal a fraudulent scheme whereby Dorminey embezzled funds and committed theft from Prince. Dorminey was indicted for multiple counts of theft by deception and theft by taking, and for arson in the first degree in connection with the fire at Prince. In conjunction with its complaint, Chrysler filed an ex-parte motion for appointment of a receiver to take charge of funds Dorminey received from the sale of her residence and any other assets, whether personalty or realty. A receiver was appointed to take charge of, manage, and control Dorminey's assets, namely the proceeds received from the sale of the residence.

Following an evidentiary hearing regarding appointment of the receiver, the superior court found, inter alia, that Chrysler had not demonstrated that the funds obtained by Dorminey from the sale of her residence constitute a "fund or property which is in litigation," within the meaning of the receivership statutes; rather, Chrysler showed the mere possibility that some embezzled funds were used to pay for the house. In the funds realized from the sale of Dorminey's residence, there were no identifiable proceeds from any alleged theft committed by Dorminey, much less any proceeds identifiable to payments Chrysler made for the fire loss. Thus, the court concluded that it was not a proper case for a receiver because there was not a direct nexus between the funds derived from the sale of Dorminey's residence and the claims which Chrysler acquired by subrogation, and because Chrysler had an adequate remedy at law pursuant to OCGA § 18-3-1 et seq. The court ordered the receiver to pay over to Dorminey all held funds and assets including any interest thereon, and the receiver was released upon completion of those acts.

1. Chrysler contends that the uncontradicted evidence authorized the trial court to continue the receivership, that it was error for the court to impose the requirement of a direct nexus between the fund or property and the claims which provide the basis of the litigation, and that the court erred in concluding that there was not a sufficient nexus between those funds and the claims which Chrysler acquired by subrogation. But the contentions are unavailing.

It is plain that a court may appoint a receiver when any fund or property is in litigation and the rights of either or both of the parties cannot otherwise be protected. OCGA § 9-8-1; *Ebon Foundation v. Oatman*, 269 Ga. 340, 344 (3) (c) (498 SE2d 728) (1998); *Richardson v. Roland*, 267 Ga. 34, 35 (1) (472 SE2d 301) (1996). The purpose of the receivership is to preserve the property which is the subject of the litigation, and to provide full protection to the parties' rights to the property until a final disposition of the issues. *Richardson v. Roland* at 35 (3); *Conner v. Yawn*, 200 Ga. 500, 506 (37 SE2d 541) (1946). But the court's power to appoint a receiver should be prudently and cautiously exercised and should not be resorted to except in clear and urgent cases. *Kruzel v. Leeds Building Products*, 266 Ga. 765, 767 (1) (470 SE2d 882) (1996), citing *Parrish v. Rigell*, 183 Ga. 218, 224 (1) (188 SE 15) (1936). This is so regardless of the apparent equity of the complainant. *Conner v. Yawn* at 506.

Here, the circumstances simply fail to make a case to support the statutory basis for the appointment of a receiver. OCGA § 9-8-1 et seq. Chrysler makes much of the fact that in its order, the court referred to the lack of a "direct nexus"; however, the court's analysis goes to the heart of a receivership. The reference was nothing more than application of the threshold statutory requirement that the fund or property for which receivership is sought is the subject of the litigation. OCGA § 9-8-1. See, e.g., *Ebon Foundation v. Oatman*, supra; *Richardson v. Roland*, supra; *Kruzel v. Leeds Building Products*, supra; *Conner v. Yawn*, supra. That is not the case here. Chrysler seeks the receivership of the proceeds of the sale of Dorminey's home, but not based on any ownership interest in or lien against the home or the proceeds from its sale. What Chrysler has is the anticipation of a future judgment for payment of the fire loss, which has yet to be won.

Even accepting that the alleged arson of the dealership was part and parcel of the purported scheme of embezzlement and theft, and therefore that the insurance payment was inextricably tied to the stolen funds, Chrysler still did not demonstrate that the receivership was warranted. The decision to continue or to dissolve a receivership is a matter within the trial court's discretion. *Richardson v. Roland*, supra at 35. And the appropriateness of the appointment of a receiver is dependent upon the evidence. See *Odom v. Odom*, 205 Ga. 767 (55 SE2d 148) (1949).

Dorminey invoked the privilege against self-incrimination in response to Chrysler's question about whether she had illegally taken certain sums of money from Prince and had used those funds in the construction and improvement of her house. Chrysler hinges its claim of right to the receivership on application of the principle that in a civil proceeding, an adverse inference may be drawn when a

witness invokes a privilege against self-incrimination. See *In the Matter of Robert A. Meier*, 256 Ga. 72 (344 SE2d 212) (1986). Even so, Chrysler showed only, by adverse inference, the possibility that some of the purloined monies, in an undetermined amount, may have gone in payment for the house. Chrysler did not demonstrate Dorminey's lack of other assets during the time frame in question. Compare *Cozzolino v. Colonial Stores*, 213 Ga. 225 (98 SE2d 613) (1957). In fact, the evidence was that at the time Dorminey applied for her residential loan, she had assets estimated at $273,000. She was indicted for the theft and embezzlement of funds in the amount of approximately $69,000. Under these circumstances, the trial court did not abuse its discretion in refusing to continue the receivership. *Richardson v. Roland*, supra at 35.

2. Our determination in Division 1 renders it unnecessary to address whether the court correctly determined that Chrysler had an adequate remedy at law.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 1999.

*Simpson, Gray & Cross, Ralph F. Simpson, Render M. Heard, Jr.*, for appellant.

*Carter & Richbourg, Robert B. Richbourg, Clarence A. Miller*, for appellee.