A02A1831. D.C. MICRO DEVELOPMENT, INC. et al. v. LANGE.
(578 SE2d 251)

SMITH, Chief Judge.

Michael Lange brought this action against David Cecil and two corporations over ownership rights he claimed in an Internet-based software program he had authored and developed jointly with Cecil. He alleged breach of fiduciary duty, conversion, Georgia Racketeer Influenced and Corrupt Organizations Act violations, libel, and slander. He sought compensatory damages, punitive damages, an accounting, the appointment of a receiver for the corporations, a declaratory judgment, an injunction, and attorney fees. After a hearing on September 17, 2001, the trial court entered an order requiring the defendants to deposit all future net profits from the sale of the

software into the registry of the court, enjoining them from paying Cecil and Lange any amounts derived from the sale or license of the software, ordering each of the defendants to render to Lange an accounting with supporting documentation and to supplement it monthly, enjoining the parties from publishing any disparaging references to the other, and enjoining Lange from selling certain other software, all until further order of the court. Lange's request for appointment of a receiver was denied.

On March 4, 2002, after another hearing on a motion for contempt by Lange, the trial court entered an order modifying its previous order by appointing a receiver over the corporate defendants. Although the action is still pending below, the corporate defendants appeal from these two orders under the authority of OCGA § 5-6-34 (a) (4). They raise six enumerations of error, asserting that the trial court lacked personal jurisdiction over them because of improper service; that their procedural due process rights were violated; that equitable relief was improper because Lange had an adequate remedy at law; and that the receivership imposed amounted to prejudgment attachment of their assets, in violation of the attachment statutes, OCGA §§ 18-3-1 through 18-3-75. We find no merit in any of appellants' contentions, and we affirm the judgment below.

1. In two enumerations, appellants contend the trial court lacked personal jurisdiction over them because they were never served properly. As shown by the record, the sheriff's returns of service indicate that David Cecil was served personally and that the two corporations were served "by leaving a copy of the within action and summons with David Cecil," all at Cecil's home address in Lawrenceville which was also the address of the corporations. Cecil and his wife both executed affidavits, which were filed with the court, stating that Cecil's wife had been handed all three summonses and complaints, that she was not an officer or agent of either corporation, and that Cecil had not been served personally at all.

It is, of course, axiomatic that a defendant must be served properly with the summons and complaint in order to give the trial court personal jurisdiction. *DeJarnette Supply Co. v. F. P. Plaza, Inc.*, 229 Ga. 625, 626 (4) (193 SE2d 852) (1972). "The entry of service of the sheriff or his deputy imports verity." (Punctuation omitted.) *Bullard v. West Star Financial Corp.*, 231 Ga. App. 521 (500 SE2d 51) (1998). Although the return of service is not conclusive, it constitutes evidence of a high order as to the facts it recites. Id. "When a defendant in a lawsuit challenges the sufficiency of service, that defendant bears the burden of showing improper service. The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Citation and punctuation omitted.) *Franchell v. Clark*, 241 Ga. App. 128, 130

(3) (524 SE2d 512) (1999). When the evidence conflicts with respect to service, the trial court must resolve the question of fact by determining whether the evidence presented is sufficient to overcome the facts reflected in the return of service. When supported by some evidence, the trial court's findings will not be disturbed on appeal. Id. at 131. In this case, the trial court considered both the Cecils' affidavits and the sheriff's returns of service. Because some evidence supported the trial court's ruling against appellants, we cannot disturb it.

2. Appellants maintain that the trial court abused its discretion by appointing a receiver without formal notice. Relying upon *Dixie-Land Iron &c. Co. v. Piedmont Iron &c. Co.*, 233 Ga. 970 (213 SE2d 897) (1975), they argue that a receiver ordinarily should not be appointed without notice and a hearing. Id. at 972. Lange's request for appointment of a receiver was denied in the January 8, 2002 order, and no written motion for reconsideration of the denial was sought thereafter. Appellants claim that they had no notice that the issue would be revisited at the hearing on March 4, 2002, and that the appointment of a receiver at that hearing therefore violated the procedural due process rights guaranteed to them by OCGA §§ 9-11-6 (d) and 9-11-5. We do not agree.

First, although *Dixie-Land Iron* does state that generally a receiver should not be appointed without notice and a hearing, it also holds that one may be appointed without notice and a hearing "under extraordinary circumstances." Id. "If there is danger that the assets will be dissipated before the interlocutory hearing, a trial court exercising its sound discretion may appoint a temporary receiver without notice in order to preserve the status quo." (Citation omitted.) *Richardson v. Roland*, 267 Ga. 34, 35 (1) (472 SE2d 301) (1996). In this case, evidence was presented at the March 4, 2002 hearing of possible financial improprieties by appellants. The evidence showed, for instance, that the corporations may have inflated expenses reimbursed to Cecil by the corporations, paid Cecil's wife for services not performed, underreported sales of the software, failed to deposit any funds into the court's registry, and in general attempted to circumvent the duties imposed by the trial court's January 8, 2002 order. The evidence suggesting the possibility that the corporations' assets were being diverted and that assets might be dissipated before the case could be resolved constituted an "extraordinary circumstance," authorizing the trial court to appoint a receiver without formal notice. No question exists that a hearing was held.

Second, appellants' contention that they had no notice that a receiver could be appointed as a result of the March hearing is disingenuous at best. They were aware that a receiver had been sought at the first hearing. Lange's motion precipitating the second hearing was styled an emergency motion for contempt of the January order.

That motion sought an immediate hearing, "in order to prevent Defendants from further spending or wasting any of the monies to be paid into the Court's registry, thereby rendering the Court's injunction moot." They were therefore notified that Lange would seek to have the trial court prevent the corporations from spending any more funds. As the previous order aimed at that very goal had not accomplished the end, appellants certainly were, or should have been, aware that the only recourse left was the appointment of a receiver. The trial court did not abuse its discretion in appointing the receiver.

3. For the same reasons, we do not agree with appellants' arguments, raised in two enumerations, that an adequate remedy existed at law for Lange to recover any monies owed him. *Cantrell v. Henry County*, 250 Ga. 822 (301 SE2d 870) (1983), relied on by appellants, simply states the general rule that an adequate remedy at law exists when the debt owed arises under an express or implied contract. Id. at 824-825 (1).

This case presented the trial court with a different scenario. "Generally, a superior court judge may appoint a receiver when any fund or property is in litigation and the rights of either or both parties cannot otherwise be fully protected. OCGA § 9-8-1." (Punctuation omitted.) *Richardson*, supra at 35 (1). Lange alleged that he and Cecil jointly owned the software they developed together and that Cecil and the corporations had appropriated it and were basically hiding whatever profits were being earned from the sale of that software. If the corporate assets were dissipated because no receiver was appointed, any remedy at law would be meaningless. "OCGA § 9-8-3 permits the appointment of a receiver to take possession of and hold any assets charged with the payment of debts where there is manifest danger of loss, destruction, or material injury to those interested." (Punctuation omitted.) *Lemans Assoc. Ltd. Partnership v. Lemans Apts.*, 268 Ga. 396 (2) (489 SE2d 831) (1997). Under these circumstances, the trial court did not abuse its discretion in finding that a danger existed of "loss, destruction, or material injury."

4. Appellants' remaining enumeration of error is an extension of their previous contention that an adequate remedy at law exists for Lange. They argue that the trial court's orders enjoining the corporations and placing them into receivership to ensure that Lange eventually received whatever money was due him were nothing more than a pre-judgment attachment, which is unlawful. We do not agree.

"A receiver is an officer of the court which appoints him." (Punctuation omitted.) *Hendricks v. Emerson*, 199 Ga. App. 208, 209 (1) (404 SE2d 279) (1991). See also *Dixie-Land Iron*, supra at 971. The receiver simply holds and manages the asset until the underlying claim can be resolved. This does not constitute an unlawful pre-judgment attachment. The law expressly provides for receivership,

even when not requested, if the trial court in its discretion believes a receiver is necessary. *Dixie-Land Iron*, supra.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED FEBRUARY 12, 2003.

*Carl V. Kirsch*, for appellants.
*Steven M. Mills, Paul J. Dzikowski*, for appellee.