A11A0448. D.C. MICRO DEVELOPMENT, INC. et al. v. BRILEY.

(714 SE2d 11)

SMITH, Presiding Judge.

This is the second appearance of this case before us. In *D.C. Micro Dev. v. Lange*, 259 Ga. App. 611 (578 SE2d 251) (2003) ("*D.C. I*"), we affirmed the trial court's appointment of a receiver over the corporate

defendants, D.C. Micro Development and TopDog Software, Inc. Id. at 613-614 (2). In this appeal, the corporate defendants and their principal, David Cecil, (collectively, "D.C.") challenge the trial court's order setting compensation for the appointed receiver, Brandyn Briley. We find that the trial court did not abuse its discretion and did not err in any of the particulars urged by D.C. We therefore affirm.

In *D.C. I*, we concluded that the trial court did not abuse its discretion in appointing a receiver because the evidence showed "possible financial improprieties" by D.C., including attempts to circumvent the trial court's earlier order instructing D.C. to preserve and account for its assets and "the possibility that the corporations' assets were being diverted and that assets might be dissipated before the case could be resolved." (Punctuation omitted.) Id. at 613 (2). By order of March 15, 2002, the trial court designated the powers of the receiver as auditing and reconciling the accounts of the corporations, including assuming control of their day-to-day operations, processing sales and licensing, and establishing an operating account to manage any monies received by the corporations.

In 2008, the trial court entered an order seeking a status update and then an order setting a "Hearing on Notice of Intent to Liquidate Assets Held by Receiver."[1] At that hearing, the trial court received evidence showing the work performed by Briley and the amounts billed, and questioned Briley at length and in detail regarding her qualifications, the work she performed as receiver, the hourly rates billed by her and her employees, and the value of the assets she was appointed to oversee. Briley sought approximately $178,000 in fees, contending that the large amount was justified by D.C.'s continuing attempts to conceal assets and transfer them out of state. D.C. appeared at the hearing and argued that the receiver should be awarded no fees whatsoever on the basis of her failure to comply with a court order to produce documentation of her fees to the parties and mediator in an earlier mediation. Appellant Cecil appeared at the hearing and testified, and also was questioned at some length by the trial court.

After considering all this evidence, the trial court entered an order awarding $125,000 in fees and costs, $62,500 to be paid by the plaintiff, who is not a party to this appeal, and $62,500 to be paid by the defendants jointly and severally. It is from this order that D.C. appeals.

We first note that "[a] determination of the questions as to the nature of the services and the excessiveness and apportionment of

---

[1] The underlying action was dismissed.

fees involves a consideration of the evidence. These matters rest largely in the discretion of the trial court." (Citations omitted.) *First Fed. Sav. & Loan Assn. v. Stephens*, 226 Ga. 867, 868 (178 SE2d 170) (1970). It is well settled that establishing the amount of fees awarded to a receiver "is left to the discretion of the trial judge, and that his action in such matters will not be disturbed unless a manifest abuse of such discretion is shown." *Edwards v. United Food Brokers*, 196 Ga. 241, 251 (2) (26 SE2d 348) (1943). D.C.'s assertion that a "plain legal error" standard of review applies here is, therefore, without merit.

1. D.C. first contends that the receiver should have provided documentation and invoices to the parties "prior to March 26, 2009 and the April 24, 2009 hearing," as ordered by the court. It contends the failure to do so prejudiced its ability to cross-examine the receiver as well as its right to due process and a proper hearing, and it made the same contention below. But, as the trial court noted,

> I don't know that . . . you're entitled to cross-examine her, just like I don't know that anybody was entitled to take her deposition, because she's not a witness, she's not a party. She really stands in a different stance. If she were a party in this case, I would approach it differently, but she is not. She is an officer of this Court, put in place by my predecessor.

The trial court is correct that the receiver is neither a party nor a witness. See OCGA § 9-8-8; *Edwards*, supra, 196 Ga. at 250 (2) (receiver is trial court's "officer or agent, deriving his functions only from that source"); see *Northeast Factor &c. Co. v. Mtg. Investments*, 107 Ga. App. 705, 710 (1) (c) (131 SE2d 221) (1963) ("Like the judge, the receiver is an officer of the court. [Cits.]"). And, given the trial court's broad discretion to set a receiver's fees, supra, to control discovery and sanctions, *Phillips v. Selecto Scientific*, 308 Ga. App. 412, 414 (2) (707 SE2d 615) (2011), and to control its courtroom, *Bulgin v. Ga. Dept. of Transp.*, 292 Ga. App. 1, 4 (5) (663 SE2d 730) (2008), whether a party is allowed to cross-examine a receiver would seem to fall entirely within the trial court's discretion.

Indeed, OCGA § 9-8-13, governing the award of receivers' fees, makes no provision for examination of the receiver by a party or even for a hearing. In its very cursory argument, D.C. provides no legal authority to support its contentions, simply rearguing the contentions it made below, as well as contentions already decided in *D.C. I*.

It is an appellant's responsibility to demonstrate error from the record and support its contentions with citations to authority. Court of Appeals Rule 25 (c) (2); *Mize v. Regions Bank*, 265 Ga. App. 635, 636 (1) (595 SE2d 324) (2004). Under these circumstances, appellant

has failed to show error in the trial court's consideration of the receiver's invoices.

In any event, at the hearing the trial court questioned the receiver sharply regarding her failure to provide itemized invoices at mediation, as the court had ordered. During this questioning, it became apparent that the receiver's testimony and that of D.C.'s counsel as to what had transpired at mediation and the reasons for the receiver's failure to present the invoices were diametrically opposed. It was within the trial court's discretion to resolve that dispute in favor of the receiver.

2. In its two remaining enumerations of error, D.C. contends that the receiver's billing documents were unsubstantiated and insufficiently detailed to support an award. But once again, in less than two pages of argument, D.C. simply repeats and restates the factual contentions it made below, without any citation to legal authority other than a general citation to OCGA § 9-8-13. And while D.C. contends — in one unsupported sentence — that the trial court failed to apply the provisions of the statute, OCGA § 9-8-13 (c) provides that "[i]n all cases, the presiding judge or other competent tribunal shall allow such compensation . . . to the receiver or receivers . . . as their services are reasonably worth." Moreover, D.C. "has failed to rebut the presumption that the court and receiver have faithfully discharged their duties. [Cit.]" *Womack v. State of Ga.*, 270 Ga. 56, 59 (4) (507 SE2d 425) (1998) (citing *Northeast Factor*, supra, 107 Ga. App. at 710 (1) (c)). The trial court did not abuse its discretion in awarding receiver's fees in an amount less than that requested but more than the amount of zero advocated by D.C.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED JUNE 28, 2011.

*James L. Kraemer*, for appellants.
*Shawn M. Winterich*, for appellee.