# Court of Appeals
# of the State of Georgia

ATLANTA,  November 21, 2023

*The Court of Appeals hereby passes the following order:*

### A24I0072. GREEN MEADOWS HOUSING PARTNERS, LP d/b/a GREEN MEADOWS TOWNHOMES et al. v. MACON-BIBB COUNTY.

Macon-Bibb County (the "County") filed a complaint to abate public nuisance against Green Meadows Housing Partners, LP d/b/a Green Meadows Townhomes, Green Meadows Housing Management, LLC, and Vitus Development IV, LLC (collectively, "Appellants"), in relation to the conditions at Green Meadows Townhomes, which is owned by Appellants. The County alleged that Appellants have, among other things, allowed crime and related activity to take place at the property. The County further asked the trial court to appoint a receiver to manage and oversee the operation of the property.

The same day the County filed its complaint, the court entered an order to abate nuisance and appointing a receiver. Appellants filed a notice of appeal[1] and a motion to vacate the abatement order and to dissolve the receivership or, in the alternative, to stay the order pending appeal. Following an evidentiary hearing, the trial court denied the motion and reappointed the receiver. The court certified its order for immediate review, and Appellants filed this application for interlocutory appeal seeking review of the order denying their motion and reappointing the receiver.

Although this case remains pending below, the trial court's order is directly appealable because it explicitly reappointed the receiver. "All judgments or orders granting or refusing applications for receivers or for interlocutory or final injunctions" are reviewable by direct appeal. OCGA § 5-6-34 (a) (4). See *Richardson*

---

[1] That appeal has not yet been docketed in this Court.

*v. Roland*, 267 Ga. 34, 34-35 (472 SE2d 301) (1996) (direct appeal from order denying vacatur of receivership and extending the receiver's appointment until further order).

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). Accordingly, this interlocutory application is hereby GRANTED. Appellants shall have ten days from the date of this order to file a notice of appeal in the trial court if they have not already done so. The clerk of the superior court is DIRECTED to include a copy of this order in the record transmitted to this Court.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, __11/21/2023_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , *Clerk.*