ATWATER *v.* THE EQUITABLE MORTGAGE COMPANY.

SIMMONS, J.—The evidence was conflicting on all the material questions in this case. The chancellor having granted an injunction and appointed a receiver, did not abuse his discretion in so doing. February 2, 1891. By two Justices.          *Judgment affirmed.*

Injunction and receiver. Before Judge MILLER. Crawford county. At chambers, July 5, 1890.

The petition of the Equitable Mortgage Company represented that Mrs. Atwater owed it $2,150 principal, and $123.63 interest, with interest on both of said sums at 8 per cent. per annum from December 1, 1889, and attorneys' fees, on a note dated December 15, 1888, which had become due, together with the interest because of failure to pay the interest first mentioned; that the note was secured by a deed to certain land which was valuable for its timber, and that Mrs. Atwater had undertaken to sell the timber to one Nash, who was insolvent and who was fast cutting off the timber and sawing it. The prayer was, for injunction to restrain her and Nash from cutting any more of the timber, and from removing any of that already cut; for a receiver to take charge of that already sawed, sell it and keep an account of it, and that the proceeds be applied to the debt; and for judgment for the amount due. The defence was, that the note and deed were executed on Sunday and therefore void; that the timber was cut for the purpose of clearing land, and defendant preferred selling it to burning it up; that the lands would be more valuable without the timber; that they were worth, with all the timber she expected to cut off, enough to be amply good for any decree that plaintiff might get; that defendant was solvent; and that the note was usurious.

W. C. WINSLOW and HARDEMAN & DAVIS, by brief, for plaintiff in error.

HALL & HAMMOND, *contra.*