COE MANUFACTURING COMPANY *v.* DUBLIN & LAURENS BANK *et al.*

POPE *v.* DUBLIN & LAURENS BANK *et al.*

ATKINSON, J. Two plaintiffs instituted an action, one as a judgment creditor, and the other as a creditor without a lien, to have a receiver appointed for their common debtor, which is a corporation. The petition alleges that the defendant company conducts a large manufacturing business; that the company has incurred debts to various persons; that some of the debts have been reduced to judgment and others are in suit; that the judgment creditors have placed executions in the hands of the levying officer for the purpose of enforcing them against the property of the defendant company; that the company has valuable assets consisting of realty and personalty, including machinery and a certain boat or barge used in the defendants' manufacturing business; that if the executions are levied it will cause the business to be closed

down and the perishable property to be wasted, prevent a disposal of the stock on hand ready for market, and, wreck, ruin, and completely destroy the enterprise; that the company can not pay off the judgments, because it has not the money and can not procure the funds necessary for such purpose; that the president and manager of the enterprise have failed to operate the business successfully, on account of the lack of capital, and are unable to continue the operation of the plant, for the reason that the accumulation of the executions has caused a loss of confidence in their ability to conduct the business; that if the property were held and operated under the direction of the court, it could successfully and quickly liquidate all of the outstanding obligations against it without impairment or injurious effect to the enterprise; that if the court would stay the proceedings against the defendant and appoint a competent receiver to take charge of the business and operate the same under the orders and direction of the court, it would have the effect of holding the property intact, keeping it going as a continuous operating concern, and finally paying off all the debts and turning the property back to the defendant freed of debts; that the petitioners do not charge that the corporation is insolvent, but on information and belief charge that its assets are far in excess of its liabilities; and that if a collapse is precipitated by a levy on its property, it would render the defendant company insolvent or so cripple, hinder, and delay it that it would finally be wrecked, sustaining not only a loss to the owner but an irreparable loss to the community in which it is being operated. The defendants' answer denies indebtedness to the alleged unsecured creditor, admits all other allegations of the petition, and in substance consents to the appointment of a receiver. At an interlocutory hearing two judgment creditors were allowed to intervene for the purpose of resisting the appointment of a receiver. The objections urged against such appointment were: (a) that the petition fails to set out a cause of action for appointment of a receiver; (b) the plaintiffs have an adequate remedy at law; (c) the appointment of a receiver would injuriously affect the rights of the intervenors as judgment creditors, by preventing them from enforcing their executions against the property of the defendant. The exception is to a judgment appointing a receiver. *Held:*

(a) " 'A court of equity may appoint a receiver to take possession of, and hold subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss, or destruction, or material injury to those interested.' Civil Code (1910), § 5479. However, 'Creditors without lien can not, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity.' § 5495. Moreover, 'Equity will not take cognizance of a plain legal right, where an adequate and complete remedy is provided by law.' § 4538. And furthermore, 'The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to.' § 5477." *Cooleewahee Co.* v. *Sparks,* 148 *Ga.* 211 (96 S. E. 131). Applying the foregoing principles, the

plaintiff without a lien was not entitled to the appointment of a receiver.

(b) The plaintiff suing as a judgment creditor had a remedy at law by levy and sale, and failed to show that he would suffer injury if a receiver should not be appointed; and consequently he was not entitled to the appointment of a receiver.

(c) Whether or not a stockholder would be entitled to a receiver under the circumstances of the case is not for decision, as the plaintiffs were not suing as stockholders.

(d) The fact that the community at large might suffer injury from the closing of the manufacturing enterprise would not entitle the plaintiffs, as creditors of the corporation, to a receiver.

(e) The judge erred in appointing a receiver.

*Judgment reversed. All the Justices concur.*

Nos. 4554, 4555. JULY 14, 1925.

Receivership. Before Judge Kent. Laurens superior court. October 1, 1924.

*William Brunson* and *Larsen & Crockett,* for plaintiffs in error.

*J. S. Adams* and *M. H. Blackshear,* contra.