## 31331. WARNER v. WARNER.

HALL, Justice.

This is an appeal brought by Dr. Clinton E. Warner from an order of Fulton Superior Court appointing a receiver for certain property known as the Lew-Arner Professional Building, which is jointly owned by Dr. Warner, the former Mrs. Warner, and Mrs. Lewis, the widow of Dr. Warner's former partner. The receiver was appointed pursuant to Mrs. Warner's prayer in her counterclaim against Dr. Warner in litigation pending between them, in which Mrs. Lewis has been impleaded as a defendant.

1. Dr. Warner urges that the court erred in appointing a receiver, and he attacks in his brief the accuracy of affidavits submitted by appellees in support thereof. The truth of disputed facts is not something we can decide here; our task is to affirm the decision of the trial court to appoint a receiver, unless we determine that he abused his discretion by so doing. Code Ann. § 55-301; *Mitchell v. LaGrange Banking &c. Co.,* 166 Ga. 675, 677 (144 SE 267) (1928). Though receivers should by no means be lightly appointed (Code Ann. § 55-303; *Cleveland v. Tully,* 232 Ga. 377, 380 (207 SE2d 18) (1974)), "in a suit between cotenants of real estate to obtain equitable relief with respect to the common property, a receiver may be appointed where the plaintiff's title or right is probable and a receivership is necessary for the preservation of the subject matter of the suit or for the protection of the interests of the parties therein pending the litigation. [Cits.]" *Waycross Military Assn. v. Hiers,* 209 Ga. 812, 814 (76 SE2d 486) (1953). A receiver is also appropriate under Code Ann. § 55-301 where the person who is managing the property seems inimical to its best interests. Id., 209 Ga. at 815. Where the evidence is conflicting, the trial court's discretion to appoint a receiver is broad. *Atwater v. Equitable Mortgage Co.,* 86 Ga. 581 (12 SE 1065) (1890).

Here, the trial court was authorized to conclude that Dr. Warner, the manager of this joint property, had among other acts failed to distribute profits from the building, stopped making mortgage payments, urged the

mortgagee to foreclose, commingled the funds from the property with his personal funds, and deposited certain receipts from the property into an account which he maintained in a fictitious name. Under the foregoing authorities, the court did not abuse its discretion in appointing a receiver to protect the interests of the other two owners who, between them, owned 75% of the property.

2. Dr. Warner's argument numbered "3" is difficult to characterize: it appears to contend that a receiver should not have been appointed because Mrs. Warner's motivation for seeking such relief was impure. This was a matter for the trial judge to decide, and nothing advanced in this argument compels the conclusion that he abused his discretion in appointing the receiver.

3. Contrary to Dr. Warner's argument, we read the trial court's use of the term "partnership" to be a loose descriptive term only, and not in any way a ruling as to the type business association through which these parties own and manage the property. Whether they are partners, shareholders in a corporation, or whatever, is not an issue in this appeal. These parties are without dispute tenants in common of the property.

4. We will not hear Dr. Warner's claim that the trial court could order or should have ordered a public sale of the disputed property. He has never prayed for such relief in the trial court.

5. The remaining enumerations of error require no discussion because they are either without merit or have been abandoned.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 13, 1976 — DECIDED SEPTEMBER 7, 1976.

*W. M. Mathews, Jr.,* for appellant.
*Redfern, Butler & Morgan, E. Lee Redfern, Rex M. Lamb, III, Levine, D'Alessio & Cohn, Morton P. Levine, Craig J. Rabiner,* for appellee.