## 66053. BLUE CROSS/BLUE SHIELD OF GEORGIA/ATLANTA, INC. v. POUSEMAN et al.

BIRDSONG, Judge.

Contract — Insurance Coverage. Because of substantial savings in premium costs, Theodore Pouseman cancelled medical-hospital insurance with one insurance company (Travelers) and reinstituted it through another (Merchants & Employees Regional Insurance Trust) with coverage furnished by Blue Cross/Blue Shield.

At the time of the change, Mrs. Pouseman had suffered from a diabetic condition for a substantial period of time. Apparently, Travelers consistently had covered medical costs arising from her diabetic condition. The Travelers policy lapsed on January 23, 1981, and the Blue Cross policy became effective on February 1, 1981. On April 15, Mrs. Pouseman suffered a stroke which required her hospitalization. Because of her physical and mental condition, Mrs. Pouseman no longer could be trusted to maintain her own insulin intake for she might not recognize dangerous changes in the sugar level in her blood with its attendant physical manifestations nor could she be trusted to remember her diet or when to inject herself. Mr. Pouseman was required to work each day and could not remain at home to care for his wife. After Mrs. Pouseman was released from the hospital following her stroke, Mr. Pouseman arranged with Home Care America-Atlanta, Inc. to furnish Mrs. Pouseman licensed

practical nurse (LPN) care to monitor her insulin injections, her diet and her physical condition inasmuch as the sugar levels in her blood were very erratic and hard to sustain at a constant level by medication. Home Care verified home nursing care coverage with Blue Cross before accepting the contract with the Pousemans.

A registered nurse testified without objection that so long as nursing care was compensated, the law of Georgia required that the administering of injections of insulin be by a registered nurse or at the minimum a licensed practical nurse. The physician treating Mrs. Pouseman furnished a letter to Blue Cross, pursuant to their request, which stated: "Since [the occurrence of her stroke], her insulin dosage has been adjusted several times and she continues to have very poor control over diabetes. It will be necessary that she have a home blood sugar monitor to facilitate control. Mrs. Pouseman is also unable to care for herself during the daytime presently." The doctor also informed Blue Cross that: "The person caring for her should be skilled in the following: (1) recognizing the symptoms of hypoglycemia, (2) knowing the appropriate course of action to take, (3) knowing how to use glucose monitoring machine to check daily blood sugars, and (4) administering insulin and other medications as prescribed."

Over a several month period, the Pousemans incurred a nursing care bill of $22,132. These bills were submitted to Blue Cross for payment. Blue Cross denied coverage because the Pousemans had not submitted a certificate by a qualified physician stating that a "medical necessity" for home nursing care existed. In substance, Blue Cross maintains that a doctor's certificate or statement in order to meet the requirements of the master policy at a minimum had to state that home care was required involving the services of either a registered nurse or a licensed practical nurse. Blue Cross insists that in the absence of such specific language, the condition precedent for home care coverage had not been met. The trial court admitted for the jury's consideration the letters of the attending physician, but charged the jury: "Ladies and gentlemen of the jury, the contents of these letters that you have just had read to you are hearsay. The sole purpose for the admittance of these letters in this trial is to explain the conduct of the defendants [Blue Cross]. It is not admitted and may not be considered for the truth of what the letter says, that is, you may not consider as true the contents of the letters at any time during your deliberations nor do the letters have any probative value in your verdict. Your verdict may not be based upon these letters."

The jury returned a verdict for the Pousemans in the amount of $22,132, upon which the trial court entered its judgment. Blue Cross mounts this appeal contending that there is no probative evidence to

support the verdict of the jury. *Held:*

We are satisfied that the evidence authorized the jury to find the attending physician had properly notified Blue Cross that Mrs. Pouseman required home care. That notification was sufficient to put Blue Cross on notice that home care required the attendance of a qualified person who could monitor specialized equipment; recognize the symptoms of hypoglycemia; take necessary actions in emergency situations; and, be authorized to administer insulin injections. Other evidence before the jury established that, where the person administering home care was compensated, the pertinent regulatory law required the person injecting insulin be at least a licensed practical nurse. In fact there was evidence that Blue Cross had been aware for several months that Mrs. Pouseman was receiving care from a LPN furnished by Home Care. It would be irrational to assume that from such evidence Blue Cross had not been notified or was unaware from the attending physician that Mrs. Pouseman required and was receiving LPN home care. Thus we conclude that the jury was warranted in finding the letters of the attending physician fully complied with the "certificate of necessity" required by the master policy.

However, Blue Cross argues that the charge that the jury could not consider the letters as substantive evidence of the contents thereof nor rest its verdict on the letters was correct, and hence removed from the jury the only probative evidence of a "certificate of necessity," so that the verdict in favor of the Pousemans cannot be sustained. We disagree. As we view the requirements of a "certificate of necessity," such a document need be only of sufficient specificity to inform the insurer that specialized (LPN) home care is required. Whether Mrs. Pouseman suffered from hypoglycemia, that her diabetes was under poor control, that she could not take care of herself, that she was in fact required to be on a glucose monitoring machine, or that a licensed practical nurse was indeed administering injections of insulin, were factual matters the truth of which the letters from the attending physician could not establish. They were, however, sufficient to put Blue Cross on notice that the services explicated by the letters were indicative of home care service requiring the presence and use of a licensed practical nurse. To hold otherwise would be to hold that every notice (i.e., report) of loss or insurable incident stating the underlying facts is hearsay, therefore rendering ineffective every notice of a loss or covered expense giving rise to claim of loss and thus rejectable by the insurer. We will not place upon the insured the sua sponte and onerous burden of submitting verified and established facts to substantiate a claim of loss in the absence of a demand by the insurer to furnish such facts or

make such facts available to the insurer.

In light of the above conclusion, we must next consider the impact of the charge of the court relative to the letters of the attending physician. Insofar as that charge informed the jury that the underlying facts were hearsay and could not be considered by the jury in arriving at its verdict, the jury was charged properly. However, the underlying facts were not necessary or relevant to the issue before the jury which was limited to whether Blue Cross had received a sufficient notice from the attending physician that Mrs. Pouseman required the attendance in her home of a licensed practical nurse. We have already answered that question in the affirmative. Therefore insofar as the charge of the court might have informed the jury that the letters could not be considered relevant in the determination of the sufficiency of notice, the trial court's charge was in error. However, that error was not harmful or prejudicial to Blue Cross for Blue Cross received the very charge and interpretation of the letters it desired. As to the Pousemans the charge was erroneous. However, the Pousemans have raised no claim of prejudice nor could they for the verdict was in their favor; thus, the erroneous charge as to them was harmless. See *Pilkenton v. Eubanks,* 139 Ga. App. 673, 675 (229 SE2d 146). It is an old and sound rule that error to be reversible must be harmful. *Burger Chef Systems v. Newton,* 126 Ga. App. 636, 639 (191 SE2d 479). Where a plaintiff in error brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party. *Brown v. City of Atlanta,* 66 Ga. 71; *Travelers Indemnity Co. v. Cumbie,* 128 Ga. App. 723, 726 (197 SE2d 783). We find no prejudicial error harmful to Blue Cross.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 17, 1983 —
REHEARING DENIED JUNE 30, 1983 —

*Patrick L. Swindall, Mitch J. Skandalakis,* for appellant.
*Harry L. Trauffer, Susan Hoy,* for appellees.