S06A1721. PRICE v. PRICE.
(636 SE2d 546)

THOMPSON, Justice.
Fronice Price filed a petition to probate the will of her deceased husband, Grady Price. The will was a joint will, mutually executed by

Grady and Fronice on January 12, 1980. The deceased's son, David Price, filed a caveat alleging, inter alia, that Fronice and Grady were not legally married.

On December 8, 2005, the probate court ordered the parties to appear for a hearing on the matter on April 12, 2006. One month before the hearing, on March 9, David's counsel served David with notice of his intent to seek an order permitting him to withdraw as counsel. David received the notice four days later, and counsel filed a request for permission to withdraw as counsel on March 24. The probate court granted counsel's request to withdraw on March 30.

On April 6, David filed a motion for continuance "due to medical reasons." He attached medical records showing he was hospitalized on December 16, 2003, treated for herniated discs, and discharged shortly thereafter. He also attached a record showing that he was seen in an emergency room on March 22, 2006, due to neck pain and that he was released with the proviso that he would be unable to work for 24 hours.

The trial court issued an order setting David's motion for a hearing on April 12, 2006, the day set for a hearing on the caveat. In so doing, the court ordered David to "present a doctor's affidavit confirming his inability to go to trial."

A hearing was held on April 12 as scheduled and all parties appeared. The hearing was not transcribed and we find no express ruling upon the motion for continuance. However, the record does contain an order of the probate court admitting the will to probate. David appeals.

Assuming that David sought a ruling on his motion for a continuance and that it was denied, in the absence of a transcript, it cannot be said that the probate court abused its discretion in denying the motion; nor can it be said that the probate court erred in admitting the will to probate. That is because, without a transcript, this Court must assume that the evidence adduced below was sufficient to support the probate court's findings. *Tanksley v. Parker*, 278 Ga. 877 (1) (608 SE2d 596) (2005). Whether Fronice had the burden of proof in the probate court is of no consequence. On appeal, David bears the burden of showing error by the record. *Cormier v. Cormier*, 280 Ga. 693, 695, n. 4 (631 SE2d 663) (2006).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 16, 2006.

*Terry D. Jackson*, for appellant.
*Glyndon C. Pruitt*, for appellee.