S07A1613. SMITH v. WYATT.
(655 SE2d 581)

THOMPSON, Justice.

Marjorie Starnes Smith appeals from the dismissal of her caveat to the petition to probate her sister's will in solemn form. Finding no error, we affirm.

Appellee Nancy Wyatt, in her capacity as executor, filed a petition to probate the will of Doris Starnes. The petition listed Tracie Jackson as decedent's daughter and sole heir. Majorie Starnes Smith, decedent's sister, filed a caveat alleging that decedent lacked testamentary capacity to execute the will and that decedent had been unduly influenced by Wyatt. Smith also alleged that Jackson was neither the natural nor legally adopted child of the decedent, thereby making Smith the decedent's sole heir at law.

The probate court ordered the parties to appear at a November 6, 2006 hearing to determine the true heirs of Doris Starnes. Wyatt filed her response to the caveat, and Jackson filed and the court granted a motion to intervene for the purpose of allowing her to present evidence establishing that she is the decedent's daughter. After the grant of several continuances due to Smith's substitution of counsel and the illness of a witness, the probate court ordered Wyatt, Smith, and Jackson to appear at a March 2007 hearing to determine the decedent's true heirs. The court's order informed the parties of their responsibility to present witnesses and evidence in accordance with the Civil Practice Act and that no further continuances would be granted.

The March 2007 hearing was held as scheduled and all parties appeared and presented argument and evidence on the issue of whether Jackson was the decedent's daughter. The hearing was not transcribed and although we find no copy of a motion to dismiss Smith's caveat in the record on appeal, the probate court issued an order dismissing the caveat because Smith failed to prove that Jackson was not the decedent's heir at law and therefore, Smith lacked standing to caveat the petition to probate the will. The court then ordered that the will be admitted to probate in solemn form and that letters testamentary issue to Wyatt.

Smith challenges the dismissal of her caveat on several grounds, claiming both procedural and substantive errors on the part of the trial court.[1] In the absence of a transcript for our consideration on appeal, however, we cannot say that the probate court erred by finding that Smith did not have standing to caveat the petition to probate the will or by admitting the will to probate. Without a transcript, this Court must assume the evidence adduced below was sufficient to support the probate court's findings. *Price v. Price*, 281 Ga. 126 (636 SE2d 546) (2006); *Tanksley v. Parker*, 278 Ga. 877 (608 SE2d 596) (2005); *Collins v. Garland*, 227 Ga. 239 (179 SE2d 916) (1971). Even assuming Smith had properly requested a jury trial, the probate court determined Smith lacked standing to proceed on her caveat and she was not entitled to a jury trial. See OCGA § 15-9-121 (a).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2008.

*Marilyn R. Gunther*, for appellant.
*Leonard S. Luckett, John E. Tomlinson, Stephen H. DeBaun*, for appellee.

---

[1] Smith enumerated as error the probate court's refusal to consider the affidavit of an absent witness, the court's failure to construe the evidence in favor of Smith, the sufficiency of the evidence, the court's denial of her right to a jury trial, and the admission of the will to probate in solemn form.