## S08A1394. POPHAM v. YANCEY.
### (667 SE2d 353)

THOMPSON, Justice.

Kyle Yancey petitioned the Superior Court of Cobb County for the appointment of a receiver to sell certain real property owned by appellant Peter Norwood Popham in order to satisfy a judgment Yancey had obtained against Popham. The trial court granted the requested relief and Popham appeals.[1]

While there is no transcript of the proceedings below, it appears from the petition and answer that Yancey brought a tort action against Popham and obtained a judgment in the amount of $34,707. When Popham refused to pay any portion of the judgment, Yancey filed a petition for receivership in which he alleged that Popham's only significant asset is a residence located in Cobb County, Georgia valued at $150,000; that Popham borrowed $136,000 against the property and executed a security deed to First Horizon Loan Corporation; and that the balance of the loan is approximately $100,000. Yancey further claimed that he is unable to levy on Popham's property because he is unable to pay off the loan to First Horizon. Yancey sought the appointment of a receiver to sell the property and to pay First Horizon, the first priority secured lender, as well as the judgment in Yancey's favor.

Acting pro se, Popham filed an answer and counterclaim for abusive litigation, claiming that the judgment was obtained by fraud

---

[1] Kyle Yancey died during the pendency of this appeal. A suggestion of death was filed in this Court and Janet N. Yancey, executrix of his estate, was substituted as appellee in this appeal.

and is void. After a hearing, the trial court entered an order appointing a receiver to sell the real property. Popham appeals.

Popham asserts that the trial court erred in appointing a receiver.

> While it is true that the power of appointing a receiver should be prudently and cautiously exercised and should not be resorted to except in clear and urgent cases (OCGA § 9-8-4), the grant or refusal of a receivership "is a matter addressed to the sound legal discretion of the [trial] court, the exercise of which will not be interfered with [on appeal] unless such discretion be manifestly abused." [Cit.]

*Ga. Rehab. Center v. Newnan Hosp.*, 283 Ga. 335, 336 (2) (658 SE2d 737) (2008). See also *Patel v. Patel*, 280 Ga. 292 (627 SE2d 21) (2006). Yancey argues that all efforts to collect on the judgment have been thwarted due to Popham's pattern of filing "multiple lawsuits, frivolous motions, and nonsensical appeals," and that the appointment of a receiver is justified because of erratic acts by Popham which are harmful to the protection of the property and Yancey's interests as a judgment creditor. See *Warner v. Warner*, 237 Ga. 462 (1) (228 SE2d 848) (1976) (appointment of receiver appropriate where co-tenant's actions are inimical to the best interests of the property).

In order to sort out these claims, a transcript of the hearing is necessary to determine whether the trial court's findings are proper. In his amended notice of appeal, Popham requested that the record be prepared and forwarded to this Court on appeal "without a transcript" of the hearing. In accordance with the presumption of the regularity of court proceedings, we must assume in the absence of a transcript that there was sufficient competent evidence to support the trial court's findings. See *Smith v. Wyatt*, 282 Ga. 902 (655 SE2d 581) (2008). The judgment below is thus affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008 —
RECONSIDERATION DENIED OCTOBER 27, 2008.

*Adorno & Yoss, Peter L. Lublin, Moore, Ingram, Johnson & Steele, J. Kevin Moore*, for appellee.