S08A1379. FULP v. HOLT et al.

(670 SE2d 785)

HINES, Justice.

This appeal is from the trial court's order appointing a receiver. Finding no abuse of the trial court's discretion, we affirm.

John Holt and Carl Fulp were law partners, forming Fulp & Holt, P.C., in 2000, with a verbal agreement to split all proceeds evenly. In 2002, they formed Holt & Fulp, LLC, apparently to invest in real estate. On August 2, 2007, the two men decided to dissolve these entities. On August 24, 2007, Holt and his wife[1] sued Fulp, alleging breach of contract, breach of fiduciary duty, conversion, fraud, and stubborn litigiousness; they requested the imposition of constructive trusts and that a liquidating agent be appointed. John Holt also filed for a temporary restraining order, and requested that Fulp be required to place with the court fees received from client cases that originated in Fulp & Holt, P.C. In a counterclaim, Fulp alleged breach of contract, breach of fiduciary duty, conversion, fraud, tortious interference with contractual rights, stubborn liti-

---

[1] Holt's wife was a co-owner of property that was transferred to Holt & Fulp, LLC, for which it is alleged Fulp failed to pay.

giousness, and violations of the Georgia Racketeer Influenced and Corrupt Organizations Act, and sought an accounting and the dissolution of the entities; Fulp also filed a notice of lis pendens on ten tracts of real property owned by Holt & Fulp, LLC, and requested that a receiver be appointed for Holt & Fulp, LLC. Fulp later filed a motion in which he contended that John Holt had taken files belonging to Fulp & Holt, P.C., had refused to pay debts of Fulp & Holt, P.C., and had locked Fulp out of the building in which Fulp & Holt, P.C., had practiced law, a property owned by Holt & Fulp, LLC; Fulp requested a restraining order, injunctive relief, and repeated his request for appointment of a receiver for Holt & Fulp, LLC. The Holts then amended their complaint to include allegations of violations of the Georgia Racketeer Influenced and Corrupt Organizations Act on Fulp's part.

After a hearing, the trial court entered a temporary order, which anticipated the appointment of a receiver and required that John Holt and Carl Fulp submit to the court a list of all active files of the law firm as of August 1, 2007, indicating which attorney kept each file after the cessation of the law practice, and that John Holt and Carl Fulp execute affidavits stating the status of expenses and fees relative to each file. Fees collected on these files were to be deposited with the receiver, and twice a month the court would entertain requests to withdraw funds from the fee deposits; the assets of Holt & Fulp, LLC, were to be managed by Hogan, who had previously performed management services, with expenses to be borne equally by the parties. On November 9, 2007, the court appointed a receiver to fulfill the duties set forth in the temporary order.

"[T]he grant or refusal of a receivership 'is a matter addressed to the sound legal discretion of the (trial) court, the exercise of which will not be interfered with (on appeal) unless such discretion be manifestly abused.' [Cit.]" *Ga. Rehabilitation Center v. Newnan Hosp.*, 283 Ga. 335, 336 (2) (658 SE2d 737) (2008).

> When any fund or property is in litigation and the rights of either or both parties cannot otherwise be fully protected or when there is a fund or property having no one to manage it, a receiver of the same may be appointed by the judge of the superior court having jurisdiction thereof.

OCGA § 9-8-1. A receiver may be appointed "to take possession of and hold, subject to the direction of the court, any assets charged with the payment of debts where there is manifest danger of loss, destruction, or material injury to those interested. . . ." OCGA § 9-8-3.

Fulp argues that the appointment of a receiver was not authorized because John Holt, through Fulp & Holt, P.C., has an adequate

remedy at law under quantum meruit, but if "corporate assets were dissipated because no receiver was appointed, any remedy at law would be meaningless." *D.C. Micro Development v. Lange*, 259 Ga. App. 611, 614 (3) (578 SE2d 251) (2003). There was evidence that: Fulp used funds of Fulp & Holt, P.C., for his personal use in the months prior to the decision to dissolve the firm; the day following the decision to dissolve the firm, Fulp borrowed money on the firm's line of credit without John Holt's permission, and without disclosing to the bank that the firm was to be dissolved; and, that he took numerous records from Fulp & Holt, P.C., including most personal injury files. While Fulp contests the accuracy of some of this evidence, or offers explanations for his behavior, resolution of factual matters is not at issue on appeal.[2] *Warner v. Warner*, 237 Ga. 462 (1) (228 SE2d 848) (1976).

There is no dispute that the agreement regarding Fulp & Holt, P.C., contemplated an equal division of income and expenses. Fulp, however, contends that the agreement pertained only to fees *received* during the life of Fulp & Holt, P.C., and serves as no basis for recovery on John Holt's part for any fees received after the law firm's cessation of practice, but this factual contention is not conclusively established. Similarly, Fulp's assertion that John Holt has not established a right to half of the attorney fees at issue has yet to be demonstrated, and the trial court's order does not state that John Holt will receive half of the fees, only that they are to be deposited with the receiver and that the court will consider requests to draw upon these funds. While Fulp argues that John Holt has no claim on any contingency fee contracts of Carl G. Fulp, III P.C., the law firm he established after the decision to dissolve Fulp & Holt, P.C., the court's orders clearly apply only to those contingency fee contracts which were originated by Fulp & Holt, P.C. Fulp asserts that in any event, John Holt would be entitled to at most half of the fees at issue, and that is all that should have been required to be deposited with the receiver. However, evidence was introduced that Fulp had previously misappropriated funds of Fulp & Holt, P.C., and it was not an abuse of discretion to require that all fees originated by that firm be deposited with the receiver.

Finally, Fulp argues that because the trial court's orders contemplate disbursal of funds prior to judgment, it is a permanent injunction when only interlocutory relief had been requested. However, the trial court's orders do not finally determine issues of fact and law, see *Turner v. Flournoy*, 277 Ga. 683, 686 (3) (594 SE2d 359)

---

[2] We note that John Holt is bound by the court's orders in the same manner as Fulp.

(2004), and there is no suggestion that the trial court has actually approved any disbursal of funds.[3]

The trial court did not abuse its discretion in appointing a receiver. *Ga. Rehabilitation Center*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 25, 2008 —
RECONSIDERATION DENIED DECEMBER 16, 2008.

*Joseph B. Gray, Jr.*, for appellant.
*Gregory, Christy, Maniklal & Dennis, Sam D. Dennis*, for appellees.

---

[3] It appears that reserving the power to disburse funds was done to allow the trial court flexibility to address the attorneys' business needs.