S13A0117. ALSTEP, INC. et al. v. STATE BANK AND TRUST COMPANY.
(745 SE2d 613)

NAHMIAS, Justice.

This is an appeal from the trial court's order appointing a receiver to take possession of certain disputed property. OCGA § 9-8-1 says that "[w]hen any fund or property is in litigation and the rights of either or both parties cannot otherwise be fully protected . . . , a receiver of the same may be appointed by the judge of the superior court having jurisdiction thereof." The trial court had broad discretion in deciding whether to appoint a receiver, and we cannot discern any abuse of that discretion, particularly because the appellants here have not provided a transcript of the evidentiary hearing held on the receivership motion. We therefore affirm.

1. This case involves a piece of commercial property in Haralson County on which a gas station, a sandwich shop, and a liquor store are located. In June 2008, appellant Alstep, Inc. ("Alstep") obtained a $2.26 million loan to finance the purchase of the property and, in connection with the loan, executed a real estate note in favor of the predecessor in interest of appellee State Bank and Trust Company ("SB&T"). Alstep also executed a security deed in which both the real estate and the associated personal property of appellants Hye Jeong Park and Yung Ouk Kim (the owners of the gas station and the liquor

store on the property) were pledged to secure Alstep's obligation to pay under the note.[1]

Sometime after June 27, 2011, Alstep fell behind on its loan payments, and on April 3, 2012, SB&T exercised its power of sale and conducted a non-judicial foreclosure. SB&T was the highest bidder at the sale, purchasing the property for $2,156,520. SB&T applied the proceeds of that sale to Alstep's loan balance, but there was still a deficit. On April 6, 2012, SB&T sent a letter to Appellants demanding immediate possession. Appellants, however, refused to vacate the property.

On May 18, 2012, SB&T filed a dispossessory action against Appellants in the Superior Court of Haralson County, seeking a writ of possession for the real and personal property that had served as collateral under the note. SB&T also filed an emergency motion for a temporary restraining order ("TRO"), which the trial court granted that day. The TRO ordered Appellants to "immediately cease using or operating any of the collateral, including equipment, inventory, furniture, fixtures, or other collateral, . . . [and] not to remove the same from the property." Despite receiving notice of the TRO, Appellants continued to operate the gas station and otherwise make use of the property. On May 29, 2012, Appellants filed an answer to SB&T's dispossessory action, denying the complaint's allegations, raising affirmative defenses, and demanding a jury trial.

On June 28, 2012, SB&T filed and served Appellants with an emergency motion for appointment of a receiver. SB&T cited three grounds in support of its motion: first, that Appellants were converting rent from the property's tenant (the sandwich shop) that should have gone to SB&T; second, that Appellants were depleting the property that served as collateral for their debt; and third, that SB&T needed to take control of the property to guard against its potential liability under state and federal environmental regulations as the owner of the gas station. Appellants never filed a response to the motion.

On June 29, 2012, the trial court issued a rule nisi setting a July 2 hearing on SB&T's receivership motion. That same day, SB&T served the rule nisi on Appellants' counsel, Stephen Minsk, in two ways. First, SB&T delivered a physical copy of the rule nisi to Minsk's address of record, where it was signed for by a "Mrs. R. Minsk." Second, SB&T sent an electronic copy of the document to the e-mail

---

[1] We will refer to Alstep, Park, and Kim collectively as "Appellants."

address that Minsk listed under his name on the certificate of service that he filed with Appellants' answer to SB&T's dispossessory complaint.

On the day of the hearing, July 2, 2012, neither Appellants nor their counsel appeared. The trial court went forward, holding an evidentiary hearing that was not transcribed. Later that day, the trial court entered an order (which was later amended twice) appointing a receiver to take possession of the property at issue. Before the day ended, Appellants filed a notice of appeal of the receivership order. Because Appellants contest the propriety of equitable relief, this Court has jurisdiction over the appeal. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2).

2. Appellants contend that the trial court erred in appointing a receiver because they did not receive notice of the July 2 evidentiary hearing on the receivership motion. But the trial court's order expressly found that Appellants did receive notice of the hearing through their counsel of record, and because there is no transcript of the evidentiary hearing, we must presume that there was sufficient evidence presented to support that finding. See *Popham v. Yancey*, 284 Ga. 467, 468 (667 SE2d 353) (2008). We note that Appellants chose to immediately appeal the order rather than seeking to have it set aside based on the alleged lack of notice. See *Anderson v. Anderson*, 264 Ga. 88, 89 (441 SE2d 240) (1994) (explaining that a party may move to set aside a judgment under OCGA § 9-11-60 (d) based on the failure of counsel to receive notice of a relevant hearing).

3. Appointing a receiver under OCGA § 9-8-1 is justified where there is a danger that the assets at issue will be depleted or impaired if they remain in one party's control. See *Richardson v. Roland*, 267 Ga. 34, 35 (472 SE2d 301) (1996). Appellants assert that the appointment of a receiver was improper here because such an order is an extraordinary equitable remedy, and SB&T had an adequate remedy at law. It is true that the trial court's power to appoint a receiver "should be prudently and cautiously exercised and except in clear and urgent cases should not be resorted to," OCGA § 9-8-4, but the decision as to whether the circumstances are sufficiently clear and urgent enough to warrant a receiver is committed to the trial court's discretion, which will not be interfered with on appeal unless it was manifestly abused. See *Popham*, 284 Ga. at 468. And again, because there is no transcript of the evidentiary hearing, we must presume there was sufficient evidence to support the trial court's finding that the circumstances justified appointing a receiver, such as evidence that the assets at issue were being dissipated. See id.; *Richardson*, 267 Ga. at 35. Accordingly, we must conclude that the trial court did not abuse its discretion in appointing a receiver.

4. Appellants are not entitled to raise their remaining arguments on appeal because those arguments were not presented to the trial court. See *Bd. of Commrs. of Newton County v. Allgood*, 234 Ga. 9, 14 (214 SE2d 522) (1975). In any event, the arguments lack merit.

(a) Appellants contend that there is no property "in litigation" here within the meaning of OCGA § 9-8-1, and thus there was no statutory basis to appoint a receiver, because this is a dispossessory action. This argument relies on the incorrect premise that the "litigation" referred to in § 9-8-1 is limited to a "civil action" under the Civil Practice Act ("CPA"), see OCGA § 9-11-2, but the CPA was enacted in 1966, long after the receivership statute. Appellants also ignore this Court's pre- and post-CPA cases upholding the appointment of a receiver in dispossessory actions. See, e.g., *Anthony v. Anthony*, 237 Ga. 872, 873-874 (230 SE2d 752) (1976); *Barrett v. Maynard*, 150 Ga. 82, 82 (102 SE 896) (1920). The property at issue here was "in litigation" for purposes of OCGA § 9-8-1, and the trial court therefore had statutory authority to appoint a receiver.

(b) Appellants assert that SB&T delayed filing its emergency motion for appointment of a receiver, so that the motion should have been barred by the equitable doctrine of laches. Like the decision to appoint a receiver, the determination of whether the affirmative defense of laches applies is left to the sound discretion of the trial court. See *Waller v. Golden*, 288 Ga. 595, 597 (706 SE2d 403) (2011). The determination is, at bottom, an equitable one, and it must be made based on the particular circumstances of the case. See *Hall v. Trubey*, 269 Ga. 197, 199 (498 SE2d 258) (1998). And again, because there is no transcript, we must presume that the evidence presented at the hearing did not show that SB&T unreasonably delayed seeking a receiver. See *Popham*, 284 Ga. at 468.

(c) Finally, Appellants claim that the trial court erred in appointing a receiver because SB&T did not confirm its foreclosure sale of the property under OCGA § 44-14-161 (a). Section 44-14-161 (a) states:

When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to *obtain a deficiency judgment* unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

(Emphasis added.) As the statutory text makes clear, the confirmation requirement applies to deficiency actions based solely on outstanding debt, not to actions that assert a contractual right under a promissory note. See *Powers v. Wren*, 198 Ga. 316, 321 (31 SE2d 713) (1944) (holding that, because a security deed's provisions are contractual remedies between the specific parties, a creditor is not barred from exercising such rights based on failure to conform to the confirmation requirement in OCGA § 44-14-161's predecessor statute); *Worth v. First Nat. Bank of Alma*, 175 Ga. App. 297, 297 (333 SE2d 173) (1985) (applying *Powers* to OCGA § 44-14-161).

"The only purpose of the confirmation statute is to subject the creditor's potential deficiency claim 'to the condition that the foreclosure sale under power be given judicial approval.' " *Vlass v. Sec. Pac. Nat. Bank*, 263 Ga. 296, 297 (430 SE2d 732) (1993) (citation omitted). Such judicial oversight prevents a creditor who buys a property at a foreclosure sale for a price below its market value from seeking a deficiency judgment for the remainder of the mortgage debt. See *Commercial Exchange Bank v. Johnson*, 197 Ga. App. 529, 530 (398 SE2d 817) (1990). In this case, however, SB&T did not bring a deficiency action seeking to collect the difference between the price it paid at the foreclosure sale and Appellants' outstanding debt. Instead, SB&T sought to secure the additional collateral specified in its contract with Appellants. SB&T was not required to confirm the foreclosure sale before enforcing its contractual right to recover against additional security for a loan, and thus OCGA § 44-14-161 (a) did not pose any obstacle to the trial court's order appointing a receiver. See *Powers*, 198 Ga. at 321; *Worth*, 175 Ga. App. 297.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 1, 2013.

*Stephen L. Minsk*, for appellants.
*James, Bates, Brannon & Groover, William J. Sheppard, James G. Merritt, Jr.*, for appellee.