**FIFTH DIVISION
MCFADDEN, P. J.,
RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 25, 2019**

# In the Court of Appeals of Georgia

A18A1968. NAYYAR et al. v. BHATIA.

McFADDEN, Presiding Judge.

This appeal arises from a business dispute between Narinder Bhatia and Kirin Nayyar, who jointly owned and operated a gas station and convenience store through NNayyar, LLC. While Bhatia was out of the country for an extended period, Nayyar unilaterally dissolved NNayyar and created a new entity, P and J Nayyar, LLC ("P&J"), through which he continued to operate the store. Bhatia filed an action against Nayyar and P&J (collectively, "the defendants") asserting that they had violated Georgia's Limited Liability Company Act (OCGA § 14-11-100 et seq.), had breached fiduciary duties, and had defrauded him. Subsequently, he petitioned the court to appoint a receiver during the pendency of the litigation. The trial court granted the petition and then ordered the appointment of a receiver over P&J.

The defendants appeal those rulings. They argue that the trial court erred in finding that the statutory requirements for a receivership had been met. This question fell within the trial court's broad discretion and we find no manifest abuse of that discretion. They also argue that, in ruling on the receivership petition, the trial court invaded the province of the jury. We find no ground for reversal, because even if some of the trial court's factual findings unnecessarily extended into ultimate issues that should be decided by the jury in this case, the trial court made those findings in the context of an interlocutory ruling that will not bind the jury in subsequent proceedings. So we affirm.

1. *Requirements for receivership.*

Georgia law provides for the appointment of a receiver "[w]hen any fund or property is in litigation and the rights of either or both parties cannot otherwise be fully protected[.]" OCGA § 9-8-1. This is an equitable remedy, similar to an interlocutory injunction. See generally *Patel v. State of Ga.*, 289 Ga. 479, 482 (1) (713 SE2d 381) (2011) (interlocutory injunction and receivership both apply equitable principles to protect parties during pendency of litigation). As such, it is appropriate "only where there is no available adequate and complete remedy at law." *Cantrell v. Henry County*, 250 Ga. 822, 824 (1) (301 SE2d 870) (1983). See generally

OCGA § 23-1-3 ("Equity jurisdiction is established and allowed for the protection and relief of parties where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong or relieving for injuries done."). "The power of appointing receivers should be prudently and cautiously exercised and except in clear and urgent cases should not be resorted to." OCGA § 9-8-4. Nevertheless, "the decision as to whether the circumstances are sufficiently clear and urgent enough to warrant a receiver is committed to the trial court's discretion, which will not be interfered with on appeal unless it was manifestly abused." *Alstep, Inc. v. State Bank & Trust Co.*, 293 Ga. 311, 313 (3) (745 SE2d 613) (2013) (citation omitted). The trial court has broad discretion to make this determination even though, as here, the facts relevant to the determination are in conflict. *Warner v. Warner*, 237 Ga. 462 (1) (228 SE2d 848) (1976). "The truth of disputed facts is not something we can decide here; our task is to affirm the decision of the trial court to appoint a receiver unless we determine that he abused his discretion by so doing." Id. (citations omitted).

The parties in this case offered evidence in the form of documentary exhibits, verified pleadings, and the deposition testimony of Bhatia and Nayyar. While conflicts exist in this evidence — most significantly regarding whether Bhatia sold

3

his interest in NNayyar before leaving the country — when we view the evidence in the light most favorable to the trial court's ruling it shows the following.

Bhatia and Nayyar formed NNayyar, LLC on November 22, 2006 and through that entity they began operating a gas station and convenience store under the name Friendly Express. Bhatia and Nayyar each owned 50% of NNayyar and they agreed to split the profits of Friendly Express equally.

On September 29, 2009, Bhatia left the country for an extended period of time. He and Nayyar agreed that, while he was out of the country, Nayyar would operate Friendly Express and would receive a specified monthly salary. Once that salary was paid, the two would split the business's profits equally. For a period of time, Nayyar sent Bhatia payments and gave him reports about the business.

In August 2011, Nayyar formed P&J. Bhatia had no ownership interest in the new entity. Nayyar began to operate the gas station through P&J, and he stopped sending Bhatia payments. On March 30, 2012, Nayyar filed for a voluntary dissolution of NNayyar, LLC, and the Secretary of State terminated that entity on April 3, 2012.[1] This dissolution occurred without Bhatia's knowledge or consent.

---

[1] The trial court's order incorrectly states that NNayyar was dissolved in 2011, not 2012.

4

Bhatia alleged in his lawsuit that Nayyar diverted the business's profits to himself or his new entity: P&J. In the course of discovery, he asked the defendants for a full and complete accounting of the business, but the defendants did not provide one. Nayyar deposed that questions about the business's finances could be directed to his accountant. Bhatia contends that the accountant could not provide the requested information.

On February 21, 2017, Bhatia petitioned for the appointment of a receiver. At the hearing on this motion, Bhatia's counsel introduced evidence that P&J had been administratively dissolved on August, 24, 2017, and represented to the court that the defendants had failed to inform Bhatia of this fact. The defendants' counsel stated at the hearing that, notwithstanding the dissolution of P&J, Nayyar continued to operate the gas station and convenience store.

In granting the petition, the trial court determined that Bhatia had an ownership interest in the business that was at risk and that he lacked an adequate remedy at law. The defendants argue that the trial court abused his discretion in these determinations but, as detailed below, we find the trial court was authorized to make the conclusions that authorized the appointment. See *Warner*, 237 Ga. at 462-463 (1).

(a) *The trial court did not manifestly abuse his discretion in finding that the appointment of a receiver was justified.*

"Appointing a receiver under OCGA § 9-8-1 is justified where there is a danger that the assets at issue will be depleted or impaired if they remain in one party's control." *Alstep, Inc.*, 293 Ga. at 313 (3) (citation omitted). Here, the evidence viewed most favorably to Bhatia showed that the defendants attempted to assert sole control over business assets in which Bhatia had an ownership interest. It showed that Nayyar had unilaterally dissolved the parties' LLC and had begun operating the business through P&J, a separate entity in which Bhatia had no interest. This evidence authorized the trial court to find that the appointment of a receiver was justified. See *Fulp v. Holt*, 284 Ga. 751, 753 (670 SE2d 785) (2008) (in case involving former law partners with verbal agreement to split partnership profits evenly, trial court did not abuse discretion in appointing receiver where evidence showed one partner used firm's funds for personal use in months prior to his decision to dissolve firm, borrowed money on firm's line of credit without other partner's permission or disclosing impending dissolution to lender, and took possession of firm records and files); *Ga. Rehabilitation Center v. Newnan Hosp.*, 283 Ga. 335, 336 (2) (658 SE2d 737) (2008) (trial court authorized to appoint receiver where equal owners of business

6

could not agree about its management and financial affairs and no meaningful accounting could be done because parties provided conflicting, incomplete, and inconsistent information to accountants); *Lemans Assoc. Ltd. Partnership v. Lemans Apartments*, 268 Ga. 396 (2) (489 SE2d 831) (1997) (trial court authorized to appoint receiver over apartment complex in which petitioner had secured property interest where there was evidence that, among other things, respondent had not paid petitioner amounts due on note and had instead made unauthorized distributions from property); *Dixie-Land Iron & Metal Co. v. Piedmont Iron & Metal Co.*, 235 Ga. 503, 504 (220 SE2d 130) (1975) (trial court authorized to appoint receiver where dispute between equal partners in company prevented their cooperation in conducting affairs of partnership, it would be inequitable for one partner to conduct the business to the exclusion of the other, and leaving the business assets unattended would jeopardize the partners' interests).

Cases cited by the defendants do not hold to the contrary. It is true, as the defendants assert, that a trial court may not appoint a receiver solely because the defendant in an action for damages "might be poor or even insolvent[.]" *Irwin v. Willis*, 202 Ga. 463, 481 (43 SE2d 691) (1947). But the evidence in this case, viewed most favorably to Bhatia, goes beyond the defendants' financial condition; it shows

7

their misconduct in unilaterally dissolving NNayyar, assuming control of the Friendly Express assets, and failing to pay Bhatia according to the parties' agreement. The decision in *Patel v. Patel*, 280 Ga. 292 (627 SE2d 21) (2006), on which the defendants heavily rely, likewise does not require reversal. That case was in a materially different procedural posture. It involved a trial court's decision *not* to appoint a receiver and, under the relevant standard of review, the Supreme Court was required to affirm that decision absent a manifest abuse of discretion by the trial court. Id. at 293. See *Warner*, 237 Ga. at 462 (1).

(b) *The trial court did not manifestly abuse his discretion in finding that Bhatia lacked an adequate remedy at law.*

The evidence that Bhatia was an equal shareholder in NNayyar and a co-owner of property over which the defendants had improperly obtained sole control authorized the trial court to conclude that Bhatia lacked an adequate remedy at law. If NNayyar's "assets were dissipated because no receiver was appointed, any remedy at law would be meaningless." *Fulp*, 284 Ga. at 753 (citation and punctuation omitted). See *D. C. Micro Dev. v. Lange*, 259 Ga. App. 611, 614 (3) (578 SE2d 251) (2003).

Our Supreme Court's decision in *Coe Manufacturing Co. v. Dublin & Laurens Bank*, 160 Ga. 675 (182 SE 908) (1925), which the defendants cite for the proposition that the trial court erred in this conclusion, is inapposite. It did not involve business assets co-owned by the parties. Instead, it concerned a creditor's effort to have a receiver appointed over the assets of a debtor, even though the creditor did not have a lien over the property and the relevant statute at that time provided that "'[c]reditors without lien can not, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity.'" Id. at 676 (a) (quoting § 5495 of Civil Code (1910)).

2. *Province of the jury.*

The defendants argue that the trial court erred in making factual findings, based on conflicting evidence, that instead should have been reserved for the jury. We find no basis for reversal.

Without question, a trial court may make factual findings in ruling on a petition for a receiver. See 7 Ga. Proc. Special Remedies and Proceedings § 5:7 (2018) ("Whether or not the appointment of a temporary receiver is justified [is a] question[ ] of fact between the contending parties and must be determined in the first instance in the trial court.") (citations omitted). See also, e.g., *Popham v. Yancey*, 284 Ga. 467,

468 (667 SE2d 353) (2008) (where appellant did not provide transcript of evidentiary hearing on petition to appoint receiver, appellate court "must assume that there was sufficient competent evidence to support the trial court's *findings*") (citation omitted; emphasis supplied). The trial court may make such findings as are necessary to rule on the receivership petition even when the facts relevant to that petition are disputed. See *Fulp*, 284 Ga. at 753 (factual dispute regarding extent of parties' oral agreement to split profits); *Warner*, 237 Ga. at 462-463 (1) (noting rule that trial court has broad discretion to appoint receiver where evidence is in conflict, and finding evidence authorized trial court's findings regarding party's misconduct that supported appointment of receiver). At this stage, the trial court's factual findings are interlocutory; they merely preserve the status of the property for which a receiver is appointed "until the final disposal of all questions, legal or equitable, involved in the action." *Benton v. Turk*, 188 Ga. 711, 726 (3) (4 SE2d 580) (1939) (citation and punctuation omitted). An order appointing a receiver, in which the trial court made factual findings based on disputed facts, does not finally determine issues of fact and law, nor does it decide any rights between the parties. See *Fulp*, 284 Ga. at 753; *Conner v. Yawn*, 200 Ga. 500, 506 (37 SE2d 541) (1946).

Simply put, the interlocutory factual findings made by the trial court in deciding whether to appoint a receiver have no bearing on any ultimate decision on the merits of Bhatia's lawsuit. If the case proceeds to a jury, the parties will be free to present evidence that conflicts with the trial court's factual findings on the receivership question, and the jury will be free to make its own factual findings supported by that evidence. Consequently, the defendants' assertion that the trial court improperly made some findings that were unnecessary to decide the receivership question is not a ground for reversal; because the trial court's findings are not conclusive between the parties in this case, there is no reversible error. See *Carter v. Puckett*, 237 Ga. 494 (228 SE2d 878) (1976) (affirming trial court's interlocutory injunction over argument that trial court improperly adjudicated ultimate fact on hearing). See generally *Blue Cross/Blue Shield of Ga./Atlanta v. Pouseman*, 167 Ga. App. 240, 243 (305 SE2d 855) (1983) (error must be harmful to be reversible). Cf. *Oliver v. Forshee*, 224 Ga. 200, 202 (1) (160 SE2d 828) (1968) (trial court's ruling at interlocutory hearing that parties had forfeited their lease and would have to vacate premises immediately was an improper final adjudication of ultimate issue).

*Judgment affirmed. Rickman and Markle, JJ., concur.*

11