**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 14, 2024**

# In the Court of Appeals of Georgia

A24A0220. BELLAGIO POOLS, LLC v. MARINO et al.

MCFADDEN, Presiding Judge.

Bellagio Pools, LLC brought this action for breach of contract and other claims against its customers, Jesus Marino and Erika Torres, seeking to recover money owed for a swimming pool that Bellagio Pools had installed on their property. Alleging that Bellagio Pools had performed substandard work, Marino and Torres counterclaimed for negligent construction, among other claims. After a bench trial, the trial court ruled that neither side was entitled to recover on any of their claims.

On appeal, Bellagio Pools argues that the trial court erred in ruling against it on its breach of contract claim. Because the trial court based that ruling on factual

findings which are unsupported by the record, we reverse the judgment on that claim and remand the case for further proceedings.

Bellagio Pools also enumerates as error the trial court's purported ruling that expert opinion testimony was not needed "to determine whether [Marino's and Torres'] claim for negligent construction should be granted." But the trial court did not make any such ruling in connection with the negligent construction claim. In addition, the trial court's judgment on that claim favored Bellagio Pools. So this claim of error does not provide a separate ground for reversal.

1. *Facts and procedural history*

> On an appeal from an entry of judgment following a bench trial, we apply a de novo standard of review to any questions of law decided by the trial court, but will defer to any factual findings made by that court if there is any evidence to sustain them. Nevertheless, if the trial court makes a finding of fact which is unsupported by the record, that finding cannot be upheld, and [usually] any judgment based upon such a finding must be reversed.

*Emson Investment Properties v. JHJ Jodeco 65*, 349 Ga. App. 644, 644-645 (824 SE2d 113) (2019) (citation and punctuation omitted). However, "a clearly erroneous factual finding does not always require reversing a trial court's judgment[,]" such as "when

2

the trial court's ultimate legal conclusions are correct based on the evidence presented." *Martin v. Fulton County Bd. of Registration & Elections*, 307 Ga. 193, 226 (3) (c) (835 SE2d 245) (2019).

It is undisputed that the parties entered into a contract for Bellagio Pools to construct a pool for Marino and Torres, although the copy of the contract contained in the appellate record is illegible. Bellagio Pools later sued Marino and Torres, alleging that it had fully performed its obligations under the contract but Marino and Torres refused to pay an outstanding balance owed under it. Bellagio Pools also asserted claims for action on account, quantum meruit, and attorney fees, and it filed a materialman's lien against the property.

In their answer, Marino and Torres alleged that Bellagio Pools had performed substandard work and "failed to perform certain obligations under the contract," and they asserted counterclaims for breach of contract, negligent construction, and slander of title.

The trial court stayed proceedings so that the parties could pursue resolution under Georgia's Right to Repair Act, OCGA §§ 8-2-35 et seq., and Bellagio Pools offered to make five specific repairs to the pool, including fixing a gas leak. When

Marino and Torres did not timely respond to the offer, the trial court ruled that the offer was "deemed accepted" under the Act, see OCGA § 8-2-38 (m), and ordered Marino and Torres to give Bellagio Pools access to make the five repairs.

At a subsequent bench trial, the parties disputed whether Bellagio Pools had successfully completed those repairs. As to the gas leak, Bellagio Pools' owner, Joe Martinez, testified that it appeared "a rodent had bitten the cables that operate the system," that the wires were "cut up," and that "the tape that was in the line [had] ripped. . . ." He stated that Bellagio Pools repaired the leak by "just tying it up and that's it. That's all we needed." When asked, "[a]ll you needed to do was just put a piece of electrical tape around it," Martinez replied, "Uh-huh. Not electrical tape. Teflon tape." Torres testified that she was not present when Bellagio Pools repaired the gas leak and that "all [she] saw was . . . the tape that was put around the wires[,]" which did not fix the problem. No other witness testified.

The trial court ruled that neither side was entitled to recover on any of their claims or counterclaims. He found that Bellagio Pools had failed to fix the gas leak and that this constituted a breach of the parties' contract that excused Marino and Torres

from paying the amount still owed under it. Specifically as to Bellagio Pools' breach-of-contract claim, the trial court held:

> Plaintiff did not establish by a preponderance of the evidence that it is entitled to damages as against Defendants on its breach of contract claim. Defendants established that Plaintiff breached the parties' contract by correcting a leak in a gas line with duct tape. The Court, as finder-of-fact, does not need expert testimony to determine that fixing a gas leak with duct tape is substandard in new construction, constituting ordinary negligence.

Despite concluding that Bellagio Pools had breached the contract in this manner, the trial court ruled against Marino and Torres on their breach-of-contract counterclaim on the ground that they had not proved damages. The trial court made no findings of fact about any of the other claims of substandard work asserted by Marino and Torres or about any of the other repairs performed by Bellagio Pools.

2. *Bellagio Pools' breach-of-contract claim*

Two of Bellagio Pools' three enumerations of error challenge the trial court's judgment against it on its claim for breach of contract. As detailed above, that judgment rested on the trial court's finding that Bellagio Pools itself had "breached

the parties' contract by correcting a leak in a gas line with duct tape," which the trial court found to be "substandard in new construction[.]"

The record does not support these findings. There is no evidence that Bellagio Pools repaired the gas line with "duct tape." Torres testified only that the repair was made with "tape," without specifying the type of tape used. Martinez testified that the repair was made with "Teflon tape," which he described as being distinct from "electrical tape." There is no evidence about the nature of Teflon tape, whether or not it is the same thing as duct tape, how it is used in construction, or whether its use to repair a gas line "is substandard in new construction," as the trial court found. Under these circumstances, the evidence did not support the trial court's finding that Bellagio Pools breached its contract by making a "substandard" repair using "duct tape."

Because the trial court's judgment was "based upon . . . stated fact[s] for which there is no evidence, [the judgment] should be reversed [as to Bellagio Pools' breach-of-contract claim]." *Palm Restaurant of Ga. v. Prakas*, 186 Ga. App. 223, 227 (8) (366 SE2d 826) (1988) (citations and punctuation omitted).

This is not a case where we may nevertheless affirm on the ground that "the trial court's ultimate legal conclusions are correct based on the evidence presented." *Martin*, 307 Ga. at 226 (3) (c). Without a legible copy of the contract we cannot tell what contractual provision Bellagio Pools is alleged to have breached or the effect of such a breach on Marino's and Torres' obligation to pay under the contract. And the trial court made no factual findings about whether Bellagio Pools properly completed the other repairs, an issue that the parties contested. See *Hughes v. State*, 296 Ga. 744, 746 (1) (770 SE2d 636) (2015) ("an appellate court generally must limit its consideration of the disputed facts to those expressly found by the trial court"). See also *Strickland v. Strickland*, 298 Ga. 630, 634 (1) n. 6 (783 SE2d 606) (2016) (applying *Hughes* in the context of a bench trial in a civil case).

So we reverse the judgment as to Bellagio Pools' breach-of-contract claim against Marino and Torres, and we "remand the case to the trial court with direction that it correct the findings to conform to the evidence and then make a judgment with the corrected findings taken into consideration." *Palm Restaurant of Ga.*, 186 Ga. App. at 227 (8) (citation and punctuation omitted).

3. *Expert testimony*

7

In a separate enumeration of error, Bellagio Pools asserts that the "trial court erred in finding expert testimony from [Marino and Torres] was not required to determine whether [Marino's and Torres'] claim for negligent construction should be granted." There are several problems with this claim of error.

The trial court did not address the need for expert testimony in ruling on the counterclaim for negligent construction brought by Marino and Torres; the trial court addressed that issue only in its ruling on Bellagio Pools' claim for breach of contract. Even if we construe the enumeration of error to refer to the breach-of-contract ruling, Bellagio Pools has offered no meaningful argument or citation of authority relevant to the trial court's decision that it did not need expert testimony to make the breach-of-contract ruling.

Instead, and consistent with the phrasing of its enumeration of error, Bellagio Pools focuses its argument on the need for expert testimony to establish the applicable standard of care in a claim for negligent construction. But the trial court ruled in Bellagio Pools' favor on the counterclaim that Marino and Torres brought for negligent construction. So even if the trial court erred in this way, that error did not harm Bellagio Pools. See *Blue Cross/Blue Shield v. Pouseman*, 167 Ga. App. 240, 243

(305 SE2d 855) (1983) (this court "corrects only such errors as have practically wronged the complaining party").

*Judgment reversed in part and case remanded with direction. Mercier, C. J., and Rickman, J., concur.*